THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY *et al.* v. G. W. LONG.

WATER-COURSE — *Obstruction* — *Mandatory Injunction.* When a railroad company, in the construction of its road across a natural water-course, covers up a spring from which a part of the supply of water issues, builds a large embankment, and by other means totally diverts the water from the land of a person through whose land the water naturally flowed before the construction of the road, such person is entitled to a mandatory injunction against the railroad company.

*Error from Butler District Court.*

THE material facts appear in the opinion. Judgment for plaintiff, *Long*, on August 14, 1888. The defendant *Railroad Companies* bring the case to this court.

*Geo. R. Peck, A. A. Hurd*, and *Robert Dunlap*, for plaintiffs in error.

*Hazlett & Harris*, for defendant in error.

Opinion by SIMPSON, C.: The material facts in this case are substantially undisputed, and are that Long is the owner and has been in the possession of the land described in his petition for a long time prior to the commencement of this action, and to the building of the railroad by the plaintiff in error, and is still the owner and in the possession and daily occupancy thereof; that into and over the land of Long there ran a natural water-course which was fed largely, and in excessive dry weather entirely, from and by a spring on the

land of an adjoining proprietor. The land is a part of the homestead of Long, and the spring furnished a never-failing flow of water through said land. When the plaintiff in error constructed its road through the land of the adjoining proprietor, this spring, being located within its right-of-way, was filled up by the building of an embankment from 20 to 30 feet high, and probably 100 feet wide at its base, and by that means the flow of the water was completely shut off and diverted from the land of Long. The railroad does not run through Long's land, but near his line. The spring was located about 200 feet from his land. The water of the spring branch was also diverted from its natural channel by a ditch dug by the railroad company to Four-Mile creek, so that the water was completely diverted from the land of the defendant in error at all times and in any event by the filling up of the spring and the construction of the ditch. The railroad was constructed about one year before the commencement of this action. The court below granted Long a perpetual injunction against the plaintiffs in error from stopping and diverting the flow of the water through the spring branch, and from the spring thereon, from his land. The railroad companies bring the case here for review, and insist that the damages, both present and future, resulting from diverting the flow of the water, can be easily measured and assessed in one action; that the benefit to Long is small, and the inconvenience to the railroad companies great; that the courts will not issue a mandatory injunction unless a very great necessity exists, and for other reasons.

A mandatory injunction is rarely granted. The case must be an extreme one to authorize its issue. It is universally restricted to cases where a court of law cannot grant adequate relief, or where full compensation cannot be made in damages. Is this such a case? It must be conceded that the defendant in error has the undoubted legal right to the use and enjoyment of the flow of the water in a natural water-course that runs through his land. This right is an immemorial one, and is protected by all courts. It may be conceded also, that the

railroad company had the right to construct its track along or over this water-course, but in such construction it must observe the right of landed proprietors to the natural flow of the water. In this state there is a special statutory provision requiring a railroad company "which constructs its track along or across a water-course, to restore the water-course to its former state, or to such a state as not necessarily to impair its usefulness." (Gen. Stat. of 1889, ¶ 1207, § 47, subdiv. 4.) Long has the legal right to the uninterrupted flow of the water. The railroad company has the legal right to construct its road across the water-course on the condition that it does not impair the usefulness of the stream to Long. It is evident that the railroad company has deprived Long of his legal right, and at the same time violated the statutes of the state. Can the damages sustained by Long be estimated in dollars and cents, and he be awarded a sum sufficient to remunerate him for the past and compensate him for the future? It would be a perplexing question, and, with the varying conditions surrounding it, we doubt whether any just method or equitable admeasurement of his damages could be adopted so as to render exact justice. The railroad company by a culvert, probably by a pipe, or in some other comparatively inexpensive manner, can permit the water to flow from the spring into the natural channel of the stream. The railroad company says that Long has a larger natural water-course running through the same land, and hence we ought not to grant the writ. That might affect the question of the damages; but because Long has the right to the use and enjoyment of the two water-courses, it is no reason why the railroad company should divert one of them from his land. We are supported in the conclusion we reach by the cases of *Webb v. Portland Mfg. Co.*, 3 Sumn. 189; *Corning v. Troy &c. Factory*, 40 N. Y. 191; Kerr, Inj. 330; High, Inj. 478.

We recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.