## WM. R. MCKEAN v. A. B. MASSEY, ET AL.

1. PREEMPTOR—TITLE—SALE. A person who preempts a portion of the public lands, and proves up his claims thereto, and enters the land, acquires thereby a perfect title to such lands instantly on such entry thereof; and he may sell and convey said lands, as an absolute owner thereof, before a patent is issued to him therefor. (*McKean v. Crawford, ante p.* 112, *adhered to.*)

2. DEED—DELIVERY—*Effect of, when delivered to a party in interest.* Where a deed, duly executed, is delivered by the grantor to the party himself to whom it is made, though upon certain conditions, the delivery is absolute, and the deed will take effect immediately.

*Error from Linn District Court.*

ACTION to vacate and annul certain deeds of conveyance, and to compel defendants Aquilla B. Massey, Anna R. Massey and Geo. A. Crawford, to convey certain lands to the plaintiff, Wm. R. McKean, as trustee for himself and others. The petition alleged the same facts respecting the Montgomery Town Company, the interest of plaintiff in the premises, and the relation sustained by defendant *Crawford* to said Town Company, and the entry of the land, as set forth in the preceding case of *McKean v. Crawford, Swifle, et al.*, (ante, p. 112.) It stated that defendant *Aquilla B. Massey* was a preemptor of the lands in controversy; that he entered the same on the 26th of July 1859, and on the same day sold and conveyed the same to the plaintiff, as president, etc., for the sum of $517.32, contracting to execute a second deed of said lands to plaintiff within three days thereafter, in which deed the defendant *Anna R.*, his wife, should join, and to deliver such other deed to defendant *Crawford*, an agent and attorney of said town company; that no such second deed was ever made to plaintiff; that said *Aquilla B.*, and *Anna R.*, his wife, on the 27th of August, 1859, conveyed said lands by warranty deed to defendant *Crawford*, who reconveyed the undivided half of said lands to said *Anna*

*R. Massey*, by deed dated January 24, 1860. The petition charged that defendants had full knowledge of all the facts, and all the equities of plaintiff. The defendants answered, setting up the same defenses as those relied upon in the preceding case, (ante, p. 114.)

This action, like that of *McKean, v. Crawford, Swifle, et al.*, was commenced in November, 1860; and the record herein respecting continuances, reference, trial, etc., is precisely like the record in that case.

The referee's report was filed in the district court at the November Term, 1869. Among other facts found by him were these: That said Aquilla B. Massey had acquired an interest in and had become a member of said town company; that the deed of July 26, 1859, from said Aquilla B. to the plaintiff, as president, etc., was on that day delivered to one Horace B. Smith, one of the corporators and members of said Montgomery Town Company, with the oral understanding and agreement between the said Smith, for said town company, and the said Aquilla, that a certain claim preferred by said Aquilla against the town company amounting to $271.70 should be adjusted and paid, and that for his (Aquilla's) share in said town of Montgomery, the said company should execute and deliver to Anna R., the wife of said Aquilla, a deed of one-tenth interest in said town; that said Aquilla should execute to said McKean, as president, etc., a release of all his interest in said town of Montgomery; that the delivery of said deeds, the delivery of the deed to be executed by Massey and wife to plaintiff, as per original contract, and the payment of said claim of $271.70 should be simultaneous, and the place of performance the office of said town company in Terre Haute, Indiana; and in case the said company refused to pay said account of

$271.70, the said deed of Aquilla B. Massey, should be redelivered to him and be of no force or effect." Other findings sustain the averments of the petition. The referee also found that none of said deeds had been executed; that said sum of $271.70 had not been paid, but that the town company had given defendant *Crawford* notice of their readiness to pay the same, and to execute the deed for said one-tenth interest to said Anna R. Massey, when said deeds from said Aquilla and wife should be executed and delivered to plaintiff releasing the interest of said Anna in said lands, and said Aquilla in said town of Montgomery.

As conclusion of law, the referee's finding was the same as in the preceding case, (ante p. 115.)

Upon filing the report of the referee, the plaintiff moved to set aside the conclusion of law, and for judgment in his favor upon the facts found. The court overruled said motion, and gave judgment confirming the report, and in favor of the defendants for costs. The plaintiff excepted, and brings the case here for review.

[ Pending the action in this court, said *Aquilla B. Massey* died, and his death was suggested on the record.]

*Wilson Shannon*, for plaintiff in error.

*Riggs, Nevison & Foote*, for defendants in error.

The opinion of the court was delivered by

SAFFORD, J.: The principal facts of this case, as shown by the record, are very similar if not almost identical with those found to exist in the case of this same plaintiff in error, against Crawford, Swifle, and others, which has been decided by this court, at the present term. The conclusion of law also, which was found by the referee and sustained by the court below, is substantially the

same, and based upon like premises, as in the case referred to. So far then, as the two cases are alike in respect to the matters named, the conclusions reached by us in the consideration of this record, and our reasons in support thereof, will not differ from those expressed in the opinion, which has already been filed in such other case. This fact renders it unnecessary to discuss or re-examine the points so determined, or to do more than to make a simple application thereof to this case.

Adhering to the decision referred to, we hold that the conclusion of law found by the referee, so far as it declares, that the deed which was executed by A. B. Massey (in his lifetime,) to-wit: on the 26th of July, 1859, to the plaintiff, was void, is incorrect, and was erroneously sustained by the court below.

*1. Preemption, sale of land: effect of deed.*

Massey had a right to make the deed in question, and having the necessary requisites of a full conveyance, as it had according to the findings of the referee, and being delivered to the plaintiff here and below, it would necessarily operate to vest in him *all the title of which Massey was possessed* to the land in question.

II. It appears from the record, that at the time of the delivery of the said deed to H. B. Smith, who was one of the company for whose benefit it was executed to this plaintiff, as president, etc., there

*Points discussed, but not decided.*

were certain agreements entered into by and between the parties, under which Massey was to receive from the company a sum of money on account for services, and a deed in the name of his wife for a tenth interest in the company property. On his part he was to quit-claim any interest he might have in the same property, and procure a deed of release of his wife's dower in the preempted land to the said company. But

to no part of these agreements did the wife give her assent. It was also agreed, that if a portion of the sum claimed to be due to Massey, to-wit, the sum of $271.70, was refused to be paid by the company, then and in that case the deed executed by him and delivered to H. B. Smith should be redelivered to him. The referee found that, as a matter of fact, the company never refused to pay the money referred to, although it is shown that it never was in fact so paid; and also, that none of the deeds agreed to be executed, as before stated, were ever so done. But the additional fact is found, that the company offered to perform on their part, and gave notice of their willingness so to do to George A. Crawford, one of the defendants. Such notice however could scarcely avail the company anything, as there is nothing in the case which goes to show that notice to Crawford would in any manner bind Massey. It will thus be seen that none of the agreements referred to as being made at the time of the delivery of the deed from Massey to H. B. Smith, were performed, or attempted to be performed, on the part of either the plaintiff or defendants. This state of facts, would seem, at first glance, to be calculated to embarrass the decision of the case; and if pressed upon our notice, would require of us at least a careful and somewhat extended examination as to the principles which are applicable thereto. But no point seems to be made by counsel, as to the matters named; and their existence will not, in our view of the law, necessarily and materially affect or change the conclusions we have arrived at, as based upon the main facts of the case.

III. The consideration for the deed of Massey seems to have been complete, and independent of the sums of money specially mentioned as agreed to be paid to him;

2. DELIVERY of deed—effect of. and we think that, notwithstanding the agreement as to redelivery thereof, the delivery to H. B. Smith was such as to vest Massey's title to the land in the plaintiff, as president, etc. Smith was one of the company, and received the deed to the president, as such. It inured to his benefit as well as to that of the other members; and the conclusion naturally follows, that it was delivered to him for the company and with the same effect as would have followed a delivery to the plaintiff; in other words, that it became absolute upon such delivery. This conclusion also follows from an application of the general doctrine in regard to the manner and the effect of the delivery of deeds, as laid down by the books: "It may be either absolute, that is, to the grantee himself, or to some person for him; or else conditional, that is, to a third person to keep it till something is done, in which last case it is not delivered as a deed, but as an escrow." But an escrow cannot be delivered to the party himself, "for if a person delivers a deed to the party to whom it is made as an escrow, *upon certain conditions*, the delivery is absolute and the deed will take effect immediately." 2 Greenleaf on Real Prop. 339, and note, and 341; 2 Wash. on Real Property, 603 *et seq.* So in this case, as before stated. The deed of Massey to the plaintiff took effect immediately upon the delivery to the company through H. B. Smith; and all parties having notice thereof are concluded by it.

*By the Court*—Ordered, that the judgment of the district court be reversed, and the cause remanded with instructions to render judgment upon the facts found by the referee, and in accordance with the foregoing opinion, but saving the rights of dower of the wife of the said A. B. Massey, now deceased. And it is further ordered, that if

the said defendants shall elect to, and shall, within a reasonable time to be fixed by the court below, fulfill all the stipulations of the contract originally made between the said A. B. Massey, deceased, and the said town company, and which were to be done on the part of the said A. B. Massey, then and in that case the said town company shall fulfill all the stipulations of said contract agreed to be done and performed on their part.

VALENTINE, J., concurring.