No. 26,438.

Ernest N. Underwood, *Appellant*, v. Alice M. Sharp, *Appellee*.

No. 26,439.

Alice M. Sharp, *Appellee*, v. Ernest N. Underwood, *Appellant*.

SYLLABUS BY THE COURT.

Evidence—*Parol Agreement Affecting Writing—Oral Warranty by Vendor.* The vendee of a house and lot sued for breach of an oral express warranty of the furnace in the house, made in the course of the negotiations resulting in the sale. The contract of sale was in writing, and contained no warranty. *Held*, recovery was properly denied.

Appeal from Shawnee district court, division No. 1; James A. McClure, judge. Opinion filed February 6, 1926. Affirmed.

*James A. Troutman,* of Topeka, for the appellant.

*Arch M. McKeever* and *Keene Saxon,* both of Topeka, for the appellee.

The opinion of the court was delivered by

Burch, J.: These actions grew out of an exchange of Underwood's farm for Sharp's house and lot in the city of Topeka. Un-

derwood purchased seed, hay, and other personal property on the farm, from Sharp. Sharp sued for the price. Underwood counterclaimed for breach of warranty of the heating capacity of the furnace in the house. He was not permitted to prove his counterclaim, and judgment was rendered against him. Underwood then brought suit for breach of warranty, to recover the price of a new furnace which he installed in the house. His evidence of warranty was excluded, and judgment was rendered against him. He appeals from both judgments.

There was no defense to Sharp's claim, and the only question is whether Underwood should have been allowed to prove warranty of the furnace. The claimed warranty was made in the course of negotiations resulting in the trade. At the conclusion of the negotiations, the parties stated the terms of trade in a written contract, which they signed. Warranty of the furnace was not included, and parol evidence was not admissible to establish either the counterclaim in *Sharp v. Underwood,* or the cause of action in *Underwood v. Sharp.*

Underwood contends he should recover on an implied warranty. He sued on an express warranty. Besides that, there is no implied warranty of the furnace in a sale of a dwelling house. Underwood also contends his express warranty was provable as part of the *res gestæ*. *Res gestæ,* considered as essentials of the transaction, were embraced in the writing; considered as illustrative contemporary facts, they were not actionable.

The judgments of the district court are affirmed.