No. 29,937.

B. A. BROWN, *Appellee,* v. CURTIS PRYOR, *Appellant.*

(298 Pac. 747.)

Opinion filed May 9, 1931.

*George K. Melvin* and *R. E. Melvin,* both of Lawrence, for the appellant.
*C. A. Smart,* of Lawrence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: B. A. Brown brought this action against Curtis Pryor upon two promissory notes, each for $275. They had been executed by Pryor for an indebtedness to the North Missouri Trust Company, and at his request Brown signed the notes as surety. Pryor failed to pay the notes and Brown was compelled to pay them, whereupon he took a written assignment of the notes and was the owner and holder of them when the suit was brought. A trial be-

fore a jury resulted in a verdict for Pryor upon which judgment for Pryor was at once entered. A motion for a new trial was filed, setting forth as grounds erroneous rulings and instructions of the court; passion and prejudice of the jury; that the verdict was contrary to the evidence and the law; and the refusal of requested instructions. The motion was argued and submitted to the court and it entered an order vacating the verdict returned, setting aside the judgment for defendant previously entered and upon the entire record gave judgment in favor of plaintiff for $766.52. Defendant has appealed from the decision made by the court on the motion for a new trial.

In his answer defendant admitted the execution of the notes, but alleged that they had been paid in full. He alleged that in a land transaction with plaintiff in 1925 he had acquired 100 acres of land upon which plaintiff held a trust deed for about $10,000. Semiannual payments of interest were due upon the trust deed, and defendant alleged that he was unable to meet the interest payments and that he and the plaintiff orally agreed that defendant should borrow the money from the company to pay the interest, and that plaintiff would sign the notes therefor as surety, and further that it was orally agreed and understood that in the event defendant was unable to pay the notes, plaintiff would take over the 100 acres of land in full payment of the trust deed, and also of the notes in suit. In pursuance of that verbal agreement defendant says that the land was turned over to plaintiff, who released the defendant from all indebtedness and obligations touching the trust deed and the interest thereon. Defendant further averred that plaintiff obtained possession of the land, has rented the same and that while defendant has executed no deed or other papers transferring the title of the land, he and his wife have always been ready since December, 1925, to execute the conveyance thereof to plaintiff and in this action offered a deed and to execute any papers necessary to effect the transfer.

It appears the defendant left the mortgaged premises on the last days of December, 1925, and the land passed into the possession of Wayne Bradley, as lessee, about that time, but there is a conflict in the evidence as to whether Bradley was put in possession of the land by Pryor or Brown. The trust deed was foreclosed by Brown in March, 1926, and the notes of Pryor were paid by Brown after Pryor had left Missouri and after the foreclosure of the trust deed.

Plaintiff contended at the trial and is still insisting that the writ-

ten instruments, the notes in suit, could not be contradicted, varied or added to by oral evidence of agreements made prior to or contemporaneous with the execution of the promissory notes, and that the oral arrangements relied on by Pryor constitute no defense to the action. The oral evidence of the agreements as claimed by Pryor was received over the objections of plaintiff, and most of it was inadmissible and should have been excluded. Another thing, there was no transfer of the title to the land by Pryor to Brown. It had been occupied by Pryor and his family as a homestead until they vacated the premises in December, 1925, and left Missouri. There is no testimony that Pryor's wife consented to a transfer of the land until such consent was manifested, when she joined her husband in the deed that was attached to the answer in this case and which bore date of February 8, 1930.

There is no question as to the execution of the notes by defendant, nor that they were signed by plaintiff as surety. Nor is there any controversy that plaintiff was compelled to pay the notes and had obtained an assignment of them from the payee. The matters pleaded and testified to by defendant were out of line and contradictory of the recitals in the notes. The prior and contemporary oral agreement claimed to have been made before and at the time of the execution of the notes and to have been recognized in subsequent conversations is inconsistent with the written instruments. It would alter and add to the written engagements of the parties and therefore did not constitute a defense to the notes. (*Thisler v. Mackey,* 65 Kan. 464, 70 Pac. 334; *Macksville State Bank v. Ehrlich,* 119 Kan. 796, 241 Pac. 462, and cases cited.) The written obligations contained no conditional or contingent provisions as to what should be the result in case defendant should be unable to meet the notes. There was nothing in them about a transfer of title to land upon the contingency that defendant would be unable to pay the notes when they became due. The instruments sued on were definite and unqualified promises, complete in themselves, and parol evidence is never admissible to enlarge the scope or vary the terms of a written contract free from mistake or fraud. The claimed agreement as to the land deal, if any was made, being oral, was unavailing as a defense to the notes. Defendant claimed he turned over the mortgaged land in payment of the notes, but even if that was his purpose it was ineffectual. He retained the legal title in himself and the land could only be transferred to plaintiff by a

writing. An oral agreement to transfer land is within the statute of frauds and is unenforceable. No conveyance was ever made by defendant to plaintiff, nor even tendered to him, until this action was brought on the notes. Defendant argues that the statute is not applicable because the oral contract was fully performed, but there was no performance, as the defendant claimed to own the land and testified at the trial that it had never been transferred to plaintiff, and that as far as he knew he still owned it. The plaintiff gained no title to the land until the foreclosure of the trust deed and the sale made thereunder, and whatever title the defendant held in the land was extinguished by the judicial sale.

There was a controversy as to whether the tenant, Bradley, had been put in possession of the land in January, 1926, by plaintiff or defendant, but in view of what has been decided that matter was not material to any valid defense that was available to defendant.

We conclude that the court ruled correctly in setting aside the verdict of the jury, and as the matters and claims set up and shown by defendant did not constitute a defense to the notes sued upon the entry of judgment for plaintiff was without error.

The judgment is affirmed.