No. 34,897

FEDERAL FARM MORTGAGE CORPORATION, *Appellee*, v. OTIS F. BOLINGER and MAE E. BOLINGER, His Wife, *Appellants*.

(108 P. 2d 492)

Opinion filed December 7, 1940.

*E. C. Flood, Clayton S. Flood,* both of Hays, *R. C. Russell, John Henry Lewis* and *Isabel Obee,* all of Great Bend, for the appellants.

*D. M. McCarthy,* of Hays, *W. E. Pepperell, Conrad L. Ball, J. P. Flinn* and *Edward H. Jamison,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Hoch, J.: Action to recover on a promissory note was brought against appellants, makers of the note. This appeal is from an order sustaining a motion to strike out portions of their answer. One issue presented is whether the payee of a promissory note, secured by a second mortgage, is estopped from recovery on the note by virtue of a prior judgment in a foreclosure action brought by the holder of the first mortgage, and in which action, as holder of the second mortgage, he had been joined as one of the defendants. Other questions will be stated after recital of the facts.

At the outset we are confronted with a preliminary question. Neither in appellants' brief or abstract appears any assignment of error. This disregard of rule 5 of the court, to which attention has repeatedly been called, would justify summary dismissal of the appeal. It is not an arbitrary rule of slight importance. The sound and substantial reasons which support it have been pointed out many times. But again, with hesitancy and with doubtful warrant, we indulge an act of grace and consider the appeal upon its merits. How long this lenient attitude toward nonobservance of this important rule will be continued we do not prophesy.

Appellants, Otis F. Bolinger and his wife Mae E. Bolinger, secured a loan of $5,000 from the land bank commissioner, predecessor in interest to appellee, the Federal Farm Mortgage Corporation, and on July 1, 1934, executed their promissory note for that amount. As security for the note they executed a second mortgage for a like amount upon certain farm land situated in Clark county, Kansas. The first mortgage, also executed by appellants, had been given to the Federal·Land Bank of Wichita.

It is unnecessary to recite in detail facts as to dates of maturity, extension of time for payment, and default in payment· of interest and principal. Suffice it to say that in September, 1939, appellants being in default in payments of interest and principal as provided in the note, action was brought in the district court of Ellis county, where they were residents. The action was an ordinary action at law to enforce liability on the note. Among usual recitals, the petition averred that option had been exercised to declare the whole indebtedness due on account of default in many payments of principal and interest, specifically set out. By motion the defendants asked that the plaintiff be required to state specific-

ally in what manner it had exercised its option to declare the whole of the indebtedness due, to describe specifically the mortgage given as security for the note, and to state whether it had exhausted its mortgage security, and, if so, by what means. The notice of appeal makes no specific reference to the overruling of this motion. Nor, as hereinbefore stated, is the right to attack the order protected by any specification of error. The motion was properly overruled. The note, set out in the petition, clearly provides that at the election of the holder without presentment or demand, the whole indebtedness shall become due upon default in payments according to the terms, and the petition recites in detail the alleged defaults in such payments. A memorandum attached to the note identified by book and page the recorded mortgage and there was no reason to require a "specific description" of the mortgage, the action being solely one at law to enforce obligation on the note.

After admitting "the execution and delivery to the plaintiff of certain notes" the appellants' answer contained certain recitals, allegations and arguments by way of defense which constitute the subject-matter of this appeal. As the issue is raised upon a motion to strike, we here consider only the question of whether the allegations of fact contained therein constitute, if accepted as true, a valid defense. A summary of the lengthy portions struck out will suffice for presenting the issues.

The answer averred that the notes and mortgage were given under the federal farm mortgage corporation act; denied that the defendants had agreed to repay the loan except to the extent of the mortgage security and alleged that the plaintiff had represented that it would look to the mortgage for repayment rather than to the notes. The answer further alleged that in February, 1939, the plaintiff had given notice of its intent to foreclose its mortgage, but had never done so; that in April or May, 1939, the Federal Land Bank, holder of a first mortgage, brought a foreclosure action against them in Clark county, and joined therein, as a party defendant, the plaintiff in the instant action, as holder of the second mortgage; that judgment was taken in such foreclosure action, the journal entry reciting, *inter alia,* that the Federal Farm Mortgage Corporation, appellee here, had entered appearance waiving issuance and service of summons; that said judgment constituted an adjudication as between the plaintiff and the defendants in the instant action and barred further judgment on the indebtedness. The answer further alleged that the

mortgage had provided ample security for the loan, and that until the plaintiff had exhausted its mortgage security it was estopped from action on the note; that the action was not brought in good faith, but for the purpose of embarrassing appellants and preventing them from securing funds with which to redeem from the foreclosure lien of the first mortgage holder; that "the present action is further brought for the purpose of securing a deficiency judgment . . . contrary to law (G. S. 1935, 60-3463a, and acts amendatory thereto) ;" and that the action "is being improperly and improvidently prosecuted" and "should be enjoined."

The issues raised may be simply stated. May the holder of an ordinary promissory note, secured by a mortgage, disregard the security and bring action on the note alone? May he be required to enforce and exhaust the mortgage lien before taking judgment on the note? Does the fact that judgment has been taken by the first-mortgage holder in a foreclosure action in which the second-mortgage holder was joined as a defendant bar the latter from recovery in an action at law on the note secured by his mortgage? May the maker of a note defend in an action on the note by showing representations by the payee that he would look to the mortgage alone for repayment of the loan? Some of these questions, elementary in character, have been answered many times by this court. Ordinarily, a promissory note is the primary evidence of the indebtedness and a mortgage given to secure it may be foreclosed upon default, or may be disregarded and action brought upon the note alone. We discern nothing in the instant situation which would make the usual rule inapplicable. It is not denied that the loan, represented by the note, was made. Appellee was not required to foreclose the mortgage. It could rely, if it chose to do so, upon recovery under such judgment as it might secure in this action on the note in Ellis county where the makers of the note lived. (3 Jones on Mortgages, pp. 7-9; 41 C. J., p. 654, § 645 *et seq.; Lichty v. McMartin,* 11 Kan. 565; *Hunt v. Bowman,* 62 Kan. 448, 63 Pac. 747; *Wildin v. Duckworth,* 83 Kan. 698, 112 Pac. 606; *Farmers & Bankers Life Ins. Co. v. Brown,* 140 Kan. 458, 36 P. 2d 960.)

Appellants call attention to the beneficent intent behind the federal laws which provide for loans to farmers, to be secured by mortgages upon their land. All of that is admitted. But no provision has been pointed out, and we have found none, in any of those acts which relieves the borrowers from obligation to repay the full

amount of the loan, or which declares that the mortgage security must be exhausted before action may be brought on the note, or which limits recovery to receipts from judicial sale of the mortgage property. Certainly the instant note carries no such provisions.

Appellants further contend that the instant action is an effort to avoid the provisions of G. S. 1935, 60-3463a. That section gives to the trial court, in the case of judicial sales, discretion to refuse confirmation where the bid is substantially inadequate, and to fix a minimum or up-set price below which the property may not be sold. But we are not here dealing with a judicial sale; and the mortgaged property is in no way the subject of this action. (Also, see *Security Benefit Ass'n v. Swartz*, 141 Kan. 227, 231, 40 P. 2d 433, as to the scope and purpose of G. S. 1935, 60-3463a.)

We come now to the appellants' contention that appellee was barred from recovery on the note because its rights were adjudicated in the foreclosure action in Clarke county, brought by the first-mortgage holder and in which it was joined as a defendant. Appellee denies that it entered appearance in that action. But the issue being raised by a motion to strike, we accept as true, for present purposes, the averments of the answer. Appellants urge that the Federal Land Bank, holder of the first mortgage, and the appellee, holder of the second mortgage, are "administered by practically the same parties," even though they are separate legal entities, incorporated under different federal acts. None of that affects the legal question here. Inasmuch as the mortgage security might be enforced or might be entirely waived, it follows that appellee's rights under the note were not adjudicated in the foreclosure action in Clark county. It filed no cross petition in that action nor sought any relief on account of the note. Whether appellee has any remaining rights under its mortgage is a question not at issue here; the full record in the foreclosure action is not even before us. Of course, discharge of the whole indebtedness secured by both first and second mortgages, as a result of a foreclosure action, would bar further recovery in this action on the note. And conversely, a full recovery after judgment in this action would compel, in a proper action, release of the mortgage lien. Obviously, makers of the note cannot by any combination of actions be required to pay more than they obligated themselves to pay.

There remains for consideration the allegation that "representations" were made by appellee at the time the notes were executed

that it would look to the mortgage security alone for payment of the indebtedness. Under the general rule which makes parol evidence inadmissible to vary or contradict a written instrument, a bill or note absolute upon its face cannot be varied by a contemporaneous oral agreement. (1 Daniel on Negotiable Instruments, 7th ed., § 88 *et seq.; Blair v. McQuary,* 106 Kan. 710, 189 Pac. 948; *Security Nat'l Bank v. West,* 120 Kan. 434, 243 Pac. 1014; *Brown v. Pryor,* 133 Kan. 129, 298 Pac. 747.) Precisely the instant situation was considered in the case of *Security National Bank of Minneapolis v. Pulver,* 131 Minn. 454, 155 N. W. 641, and the alleged oral agreement held inadmissible. This case is not within that class of cases wherein oral agreements or statements have been admitted which affect or form a part of the whole contract, but which do not in fact contradict the terms of the written instrument. Such a situation, for instance, as that considered in *Phipps v. Union Stock Yards Nat'l Bank,* 140 Kan. 193, 34 P. 2d 561, wherein the maker of a promissory note, to which collateral had been deposited as security, brought action against the holder for wrongful sale of the collateral and the holder was permitted to show oral authority to sell. Such evidence did not vary the terms of the instrument. But plainly the "representations" here alleged would modify the unconditional promise to repay the amount stated in the note.

Sympathetic considerations, stressed by counsel, and in which we frankly join, do not justify abrogation of an established rule of law upon which extensions of credit are predicated. Indeed, it might well be argued that such abrogation would be a real disservice to those seeking loans by resulting in the stiffening of credit terms or even in the drying up of credit sources.

The motion to strike was properly sustained. The judgment is affirmed.