No. 35,190

W. L. Setchell, *Appellee,* v. Howard C. Reed et al., *Defendants;* B. C. Shafer, *Appellant.*

(113 P. 2d 1050)

Opinion filed June 7, 1941.

*C. L. Thompson,* of Hoxie, for the appellant.
*Alex. M. Fromme,* of Hoxie, for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was an action to foreclose a real-estate mortgage on a 320-acre tract of pasture land in Sheridan county. Plaintiff prevailed and the mortgagor appeals.

The appeal is from an order sustaining plaintiff's general demurrer

to defendant's amended answer and from the judgment of foreclosure. Plaintiff's petition was in regular form and it is not contended it did not state a cause of action. The trial docket also indicates the demurrer to defendant's evidence was sustained. The journal entry, notice of appeal and specifications of error indicate the demurrer to the answer was sustained as finally amended, and that the appeal is from that ruling and from the judgment.

The allegations of the answer which defendant claims constitute a defense were in substance as follows: The defendant, Shafer, and his wife, mortgagors, were represented in the transactions hereinafter to be related by the defendant, Howard C. Reed, and that Howard C. Reed was their duly constituted agent in those transactions. (The wife of the defendant, Shafer, died after the action was tried and her former husband is the only appellant.) The defendant, Howard C. Reed, and the plaintiff are brother and sister, and the defendant, Anna E. Reed, is their mother. While the mortgage was in default Howard C. Reed attempted to buy a one-half section of land from appellant. That deal was negotiated, but promptly rescinded. A few days later Reed resumed the negotiations and obtained a quitclaim deed from the mortgagors covering the two 80-acre tracts of the total 320 acres which were mortgaged. In consideration of that conveyance he paid the mortgagors $500 in cash and executed back to them a mineral deed on the same land to the extent of a 5/160th interest. The grantees of the mineral deed, the Shafers, were by the mineral conveyance given the right to redeem by the payment of any mortgage or liens on the land. As a part of the same transaction the Reeds also executed and delivered to the mortgagors a surface lease on the two eighties for a term of seven years. The value of the mineral rights acquired by the mortgagors was $50, and the value of the surface lease was $40 per year, or $280. As a part of the same transaction, and about fifteen days later, the mortgagors conveyed to the plaintiff, W. L. Setchell, by quitclaim deed, a quarter section of the same 320-acre tract of land, in consideration of $500 in cash and a mineral deed from the plaintiff back to the mortgagors of a 15/160th interest in the mineral rights. Plaintiff also as a part of the same transaction executed and delivered to the mortgagors a surface lease on that quarter section of land for a term of seven years. That mineral deed also contained a provision which permitted the grantees thereof, the Shafers, to redeem by paying any mortgage or any lien on the land. In

connection with these negotiations and transactions Howard C. Reed had orally advised the defendant mortgagors "I am taking care of the mortgage, and you need not worry about it, it will never bother you." That oral statement was made by Reed with the intention of having the mortgage released or to merge any title Reed was acquiring from the mortgagors. The defendant mortgagors relied upon such representations and the plaintiff, and the Reeds are estopped to claim or assert that the mineral conveyances and surface leases are subject to the mortgage lien. The value of the mineral interest conveyed by plaintiff is $50. The value of the surface lease is $40 per yéar or $280.

The district court held the mortgage constituted a first, prior and paramount lien on the entire 320 acres of land. It ordered the mortgage foreclosed and gave appellant eighteen months within which to redeem.

Appellant does not stress his alleged rights under the mineral deeds which expressly provided for his right to redeem by paying the mortgage. He does contend the answer constituted a defense, at least insofar as the surface leases were concerned, and that those leases should not have been held to be subject to the mortgage. He also urges that in view of the contract with Howard C. Reed he was relieved from liability on the note. The district court did not render a personal judgment against him but rendered a judgment *in rem* only.

It is, of course, elementary that an oral agreement entered into prior to or contemporaneously with a written agreement is merged in the latter. (*Underwood v. Sharp,* 120 Kan. 250, 242 Pac. 1021; *Federal Farm Mortgage Corp. v. Bolinger,* 152 Kan. 700, 705, 108 P. 2d 492.) Neither the quitclaim deeds which appellant and his wife executed to the Reeds and to the plaintiff, nor the mineral deeds and surface leases which the Reeds and the plaintiff executed and delivered to appellant, contain any provision for the cancellation and release of the mortgage. As heretofore indicated, the mineral deeds in fact recognize the continued existence of the mortgage. The quitclaim deed to appellee, the mineral deed and surface lease to appellant, all constituted parts of one and the same transaction, and the instruments must be construed together. (17 C. J. S. Contracts, § 298; *Skinner v. Skinner,* 126 Kan. 601, 270 Pac. 594.)

Appellant, however, insists that the terms of the oral contract upon which he relies have been fully performed. The statement is

too broad. It is true the written instruments were executed and delivered, but the answer does not disclose the oral part of the alleged contract upon which appellant relies was ever performed. Appellant is now, in effect, attempting to compel the performance of that part of the alleged oral contract.

We need not, however, rest the decision upon the foregoing considerations. A careful analysis of the allegations contained in the answer discloses they do not constitute a defense to the mortgage lien. That action was predicated upon the mortgage, the validity of which is not in dispute. The answer does not contain a square-toed allegation or any other averments clearly indicating that the deeds in question and the surface leases were executed and delivered in consideration of an agreement to cancel and release the mortgage debt. We might also say that appellant's own testimony disclosed the oral agreement was only to the effect that the mortgage would be taken care of by Howard C. Reed if oil was produced from a well then being drilled in the neighborhood. Oil was not produced therefrom. The journal entry of judgment, in addition to reciting that the demurrer was sustained to defendant's amended answer, might also have disclosed the fact that the trial court had previously sustained plaintiff's demurrer to defendant's evidence. That the trial court had sustained the demurrer to the evidence is revealed by the trial docket and is not disputed now. Manifestly, we cannot reverse the ruling on the demurrer or the judgment upon any error urged here.

The answer contained some reference to the merger of the mortgage and the fee title. The contention of merger is not briefed on appeal. On the subject of merger of titles, see *Bank v. Bank*, 103 Kan. 865, 176 Pac. 658, and *Heston v. Finley*, 118 Kan. 717, 236 Pac. 841.

The judgment is affirmed.