No. 37,166

Russell F. E. Cooley, Wayne C. D. Cooley and Dale A. O. Cooley, *Appellees,* v. C. L. Hebrew and Florence Hebrew, his wife, *Appellants.*

(195 P. 2d 602)

Opinion filed July 10, 1948.

*Donald I. Mitchell,* of Wichita, argued the cause, and *W. E. Holmes, Howard L. Baker, Edward F. Arn, Richard F. Mullins,* and *Lyndon Gamelson,* all of Wichita, were with him on the briefs for the appellants.

*Dale M. Bryant,* of Wichita, argued the cause, and *Morris H. Cundiff, John C. Frank,* and *Garner E. Shriver,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action to quiet plaintiffs' title to two described parcels of real estate in Sedgwick county. In the petition, filed November 26, 1945, plaintiffs alleged they were the owners in fee of the real property and were in possession subject to the life tenancy of Charles H. Cooley, who was not made a party to the action; that the defendants' sole claim of right, title and interest in the property is based upon two tax deeds in which defendants were named as grantees, one for each parcel of real estate, which deeds were described by the volume and page of the record in the office of the register of deeds, where they were recorded February 5, 1940. It was alleged that the deeds were void on their face and conveyed no estate, either legal or equitable, to defendants; that defendants were not and never had been in possession of the property, nor had they brought any action to obtain possession within two years after the recording of the deeds, as required by our statute (G. S. 1935, 60-304, third). The defendants were nonresidents of the state and were served by publication summons. Thereafter judgment by default was taken against them, in which the court approved the publication service and held the tax deeds to be void and quieted plaintiffs' title against the defendants. Thereafter defendants, proceeding under G. S. 1935, 60-2530, made application to open the judgment and filed an answer claiming title to the property by virtue of the tax deeds, and set out copies of the tax deeds. Plaintiffs filed a reply in which was pointed out the particular recitals in the deeds which rendered them void on their face.

When the case was called for trial on September 26, 1947, counsel for plaintiffs, in an opening statement, pointed out to the court the specific recitals in the tax deeds which he contended made them void on their face. Counsel for defendants, in his opening statement with reference to the questions referred to by plaintiffs' counsel, stated that he believed they "are a matter of law and I won't go into them now. I think there is a legal answer to every one of them." Counsel for plaintiffs then moved for judgment upon the pleadings and the opening statements of counsel. This motion was argued. It was sustained by the court and judgment rendered for

plaintiffs. Defendants undertook to appeal from that judgment and filed in this court copies of notice of appeal and journal entry and the case was docketed as our No. 37,154. Upon motion of appellees, that appeal was dismissed for the reason that the notice of appeal had not been served and filed within two months after the judgment as required by our statute (G. S. 1947 Supp., 60-3309).

Within three days after the judgment of September 26 defendants filed a motion for a new trial upon the following grounds: (1) Misconduct of the prevailing parties; (2) decisions and rulings of the court procured by corruption of prevailing parties; (3) erroneous rulings of the court; (4) that the decisions and rulings of the court are in whole or in part contrary to the evidence, facts and law; and (5) defendants were not afforded a reasonable opportunity to present their evidence and be heard on the merits of the case. Thereafter plaintiffs filed a motion to strike from the files the defendants' motion for a new trial on the grounds that it was improper, contrary to prescribed procedure, and contained statements in derogation of the answer filed by defendants. These motions were not called for hearing until December 6, which was within the term of court following that in which the judgment of September 26 was rendered. The trial court heard the argument upon the motions and denied both of them. Defendants' appeal is from the order of the court denying their motion for a new trial.

In this court appellees contend the appeal should be dismissed because the abstract contains no specification of errors, as required by our Rule No. 5. We might very well dismiss for this reason. (See *Federal Farm Mortgage Corp. v. Bolinger,* 152 Kan. 700, 108 P. 2d 492; *Lambeth v. Bogart,* 155 Kan. 413, 125 P. 2d 377.) But since appellants have presented their argument around the grounds of the motion for a new trial perhaps we might just as well treat those.

The "misconduct" of the prevailing parties, which in counsel's zeal he speaks of as the "corruption," consists of the fact that in the reply filed by plaintiffs and in the opening statement of counsel for plaintiffs it is pointed out that the tax deeds set up in the answer of defendants and relied upon by them contain statements as to a resolution of the county commissioners as being under a statute which had been repealed, and that no resolution was shown under a statute in force at the time the resolution was adopted; also, that there are recitals in the deeds showing that the tax cer-

tificate had been assigned for what was necessarily less than the cost of redemption. This presentation of the fatal defects in the deeds was proper. On the hearing of the motion for a new trial counsel for defendants practically conceded that those recitations in the deeds were incorrect and offered evidence tending to show what was the true situation. Naturally, the court refused to admit that evidence, since it would not pertain to the deeds which plaintiffs sought to set aside and which defendants had set up as valid deeds. Indeed, if the evidence tended to show anything it made clear that the deeds involved in the action at the time the court sustained plaintiffs' motion for judgment were in fact void on their face.

Under the third, fourth and fifth grounds of the motion for rehearing appellants argue that the judgment of the court of September 26 was incorrect. The correctness of that judgment, of course, is not before us, because as we have seen, there was an attempt to appeal from the judgment, which was too late; and the appeal here is too late to be an appeal from that judgment.

We find no error in the record. The judgment of the court below is affirmed.