No. 40,725

Luke Oaks, *Appellant*, v. Wilson Edward Hill, *Appellee*.

(322 P. 2d 814)

Opinion filed March 8, 1958.

*Elisha Scott, John J. Scott, Charles S. Scott* and *Samuel C. Jackson,* all of Topeka, were on the briefs for appellant.

Appellee failed to appear, or file briefs.

The opinion of the court was delivered by

Fatzer, J.: This was an action to recover real property, for the reasonable value of the use of the premises during defendant's possession to the exclusion of plaintiff, and to cancel a quitclaim deed. The trial court rendered judgment for defendant, and plaintiff has appealed. The defendant did not appear in this court, and failed to file briefs in support of the judgment of the trial court.

On January 14, 1950, one T. J. Charlesworth sold the property in question located at 418 East Fourth Street, Topeka, Kansas, to plaintiff Luke Oaks and defendant Wilson Edward Hill for $3200, with

a $500 down payment, the balance due in monthly payments of $50. Plaintiff and defendant entered into possession of the property as tenants in common with an understanding that rents and profits were to be divided equally.

On November 1, 1952, plaintiff and defendant entered into an oral agreement whereby plaintiff agreed to sell and defendant agreed to purchase plaintiff's undivided one-half interest in the property for $700 plus six percent interest. Pursuant to the agreement, plaintiff executed and delivered to the defendant a quitclaim deed conveying his interest in the property and defendant executed and delivered to plaintiff his promissory note for $700, which did not provide a time for payment. Defendant made small payments on the note, and on August 14, 1953, paid plaintiff $300 and executed a second promissory note for $373, the unpaid balance of the first note, payable within sixty days.

Plaintiff commenced this action August 29, 1955, and alleged that when the quitclaim deed was executed it was orally agreed that plaintiff's present interest in the property was not to be conveyed thereby, and that the deed was to be effective only when the purchase price was paid in full; that defendant had failed to pay the $700 and interest and that the deed was of no force and effect; that plaintiff was the owner of an undivided one-half interest in the property and entitled to possession as a cotenant and prayed for cancellation of the deed, for possession, and for his share of the reasonable value of the use of the property during defendant's possession to the exclusion of plaintiff.

Defendant's answer denied the quitclaim deed was delivered conditionally upon full payment of the purchase price, and alleged that it conveyed plaintiff's present interest in the property and that plaintiff gave possession to him pursuant to the quitclaim deed on November 1, 1952; that he withheld the deed from record until September 7, 1955, because he wanted to file it with the deed from Charlesworth when he obtained it, in order to clear the records; that he was indebted to plaintiff, and that in December, 1953, he tendered plaintiff $225 as the balance due, and in April, 1955, made a second tender of $304, both amounts being in excess of the sum due plaintiff, who refused both tenders. At the trial defendant testified the first tender of $225 was not the amount he owed plaintiff, but was all the money he had at the time, and that the second tender was of $373.

With the issues thus framed, trial was had by the court, which

found that the defendant was in lawful possession of the property by virtue of the quitclaim deed of November 1, 1952; that the promissory notes of November 1, 1952, and August 14, 1953, were satisfied in full, and that plaintiff's claim that he should be re-admitted into possession due to defendant's failure to pay the consideration in support of the quitclaim deed was without merit.

Following the overruling of his motion for a new trial plaintiff perfected this appeal and here contends the trial court erred in finding the quitclaim deed conveyed plaintiff's present interest in the property and that defendant had paid the full consideration of the promissory notes.

Plaintiff's contention that title to his interest did not pass upon execution and delivery of the quitclaim deed is not meritorious. It is elementary that an oral agreement entered into prior to or contemporaneously with a written agreement is merged into the latter. (*Underwood v. Sharp*, 120 Kan. 250, 242 Pac. 1021; *Federal Farm Mortgage Corp. v. Bolinger*, 152 Kan. 700, 705, 108 P. 2d 492; *Setchell v. Reed*, 153 Kan. 818, 820, 113 P. 2d 1050; *Cherry v. Joyce*, 168 Kan. 475, 481, 213 P. 2d 1010.) While the quitclaim deed is not before us it was in evidence before the trial court, and since plaintiff did not allege nor here contend it contained reservations in the form or manner he asserts, possession of the deed by defendant is prima facie evidence of delivery. (*Rohr v. Alexander*, 57 Kan. 381, 46 Pac. 699; *Smith v. Dolman*, 120 Kan. 283, 284, 243 Pac. 323; *Board of Library Directors v. City of Fort Scott*, 134 Kan. 586, 7 P. 2d 533; *Setchell v. Reed*, supra; *Burgin v. Newman*, 160 Kan. 592, 164 P. 2d 119; *Bradbury v. Wise*, 167 Kan. 737, 742, 208 P. 2d 209.) The conveyance carried with it the right to possession and the full use of the property, hence, defendant established his prima facie case and paramount right to the property upon proof of delivery of the quitclaim deed, which may not be defeated by an oral agreement made prior to or contemporaneously with its execution. (*McKean v. Massey*, 6 Kan. 122; *Johnston v. Winfield Town Co.*, 14 Kan. 390, 398; *Board of Library Directors v. City of Fort Scott*, supra.) In *Board of Library Directors v. City of Fort Scott*, supra, it was said:

". . . The question is, May the deed be modified by an oral agreement made prior to its execution? The law is well settled that the intention of the parties to a deed must be derived from the language of the deed itself, which cannot be impeached except upon equitable grounds of accident, mistake, fraud and the like, none of which appear in this case. (*Pentico v. Hayes*, 75 Kan. 76, 88 Pac. 738; *Miller v. Miller*, 91 Kan. 1, 136 Pac. 953.)" (l. c. 589.)

The simultaneous execution of the quitclaim deed and the promissory note constituted one and the same transaction and the instruments must be construed together (*Skinner v. Skinner*, 126 Kan. 601, 270 Pac. 594; 17 C. J. S., Contracts, § 298). Thus, the oral agreement testified to by plaintiff with respect to defendant's withholding the deed until the purchase price was paid in full, was merged into the quitclaim deed and the promissory note (*Hazelton v. Chaffin*, 109 Kan. 175, 177, 197 Pac. 870; *Brown v. Pryor*, 133 Kan. 129, 131, 298 Pac. 747; *Federal Farm Mortgage Corp. v. Bolinger*, supra), and in the absence of an exception or reservation to the contrary, the delivery of the quitclaim deed to defendant vested title in him, and plaintiff was required to look to the promissory note for payment of the purchase price. (*Hampe v. Higgins*, 74 Kan. 296, 85 Pac. 1019; *Snider v. Marple*, 168 Kan. 459, 466, 213 P. 2d 984.)

The trial court did not err in its finding that the defendant was in lawful possession of the property by virtue of the quitclaim deed.

We now turn to the finding of the trial court that the promissory notes executed by the defendant on November 1, 1952, and August 14, 1953, were satisfied in full. As previously indicated, defendant admitted in his answer his indebtedness to plaintiff and pleaded and testified to two different tenders made to plaintiff. While a tender of money does not operate as a satisfaction of a debt or obligation (86 C. J. S., Tender, § 50, p. 580; 52 Am. Jur., Tender, § 35, p. 240; 8 Am. Jur., Bills and Notes, § 797, p. 450), the legal effect is to admit absolutely the amount tendered as due (*Latham v. Hartford*, 27 Kan. 249, 251), and a plea of tender is an irrebuttable admission of indebtedness to the extent of the amount tendered. (86 C. J. S. Tender, § 51, p. 582; 52 Am. Jur., Tender, § 37, p. 242.) Inherent in the trial court's finding that defendant's promissory notes were satisfied in full is that they had been discharged by payment. The record does not support the finding and it is necessary that this court order the finding set aside.

Accordingly, the judgment of the trial court is affirmed with respect to defendant's lawful possession of the real property by virtue of the quitclaim deed of November 1, 1952, and it is reversed with respect to the finding that the promissory notes were satisfied in full, with directions to sustain plaintiff's motion for a new trial on that issue.

It is so ordered.