No. 42,844

THE STATE OF KANSAS, *Appellee*, v. VERNE NELSON YOUNG, *Appellant*.

(375 P. 2d 783)

Opinion filed November 3, 1962.

*Earl H. Schrader, Jr.*, of Kansas City, Missouri, argued the cause, and *Robert Taylor* and *Wilbur McCool*, both of Overland Park, were with him on the briefs for the appellant.

*James W. Bouska*, assistant county attorney, argued the cause, and *William M. Ferguson*, attorney general, *Robert Hoffman*, assistant attorney general, and *Hugh H. Kreamer*, county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Defendant (appellant) Verne Nelson Young was convicted of burglary in the third degree. Following the verdict of guilty, defendant filed a motion for a new trial containing ten grounds. The motion was overruled; whereupon, defendant perfected this appeal. The notice of appeal states that defendant appeals from the order overruling his motion for a new trial. Defendant asserts four specifications of error, all of which relate to trial errors, but fails to specify as error the overruling of his motion for a new trial.

Defendant failed to comply with Rule No. 9 of this court (see 188 Kan. XXIX), and his appeal was dismissed. However, upon his application his appeal was reinstated on February 16, 1962. He filed his abstract and brief with this court on May 2, the state filed its counter abstract and brief on September 6, and the case was set for argument on September 24.

In its brief the state questioned the right of the defendant to be heard by reason of defendant's failure to specify as error the overruling of the motion for a new trial. The defendant did nothing further until September 22, when, for the first time, he requested permission to amend and enlarge the specifications of error to include the order overruling the motion for a new trial. The challenge of the state of appellant's right to be heard is based upon that portion of Rule No. 5 (see 188 Kan. XXVII; G. S. 1949, 60-3826, "Rules of the Supreme Court" No. 5) long in force and effect, which reads:

"The appellant's abstract shall include a specification of the errors complained of, separately set forth and numbered. . . ."

Not until Saturday, September 22, just two days before the case was argued in this court on September 24, did defendant make any attempt to ask for permission to amend his specifications of error to include the overruling of the motion for a new trial after his attention was called to that fact on September 6 by the state's brief.

We have considered defendant's request but have concluded that in the interest of orderly procedure on appellate review it comes too late and is therefore denied. We again dealt with this subject in *Dupont v. Lotus Oil Co.*, 168 Kan. 544, 213 P. 2d 975, and there concluded that:

"It is true that in the past we have been lenient with appellants who saw fit to disregard the clear and unequivocal requirements of Rule 5. However,

our opinions make it crystal clear our action in that respect has not been due to any thought the rule is arbitrary or of slight importance or that the reasons for its existence are not sound and substantial., Statements of such character, and others pointing out that noncompliance with its provisions justify the summary dismissal of appeals, are to be found in many of our decisions. For a few of the more recent ones see *Cooley v. Hebrew,* 165 Kan. 500, 502, 195 P. 2d 602; *Topping v. Tuckel,* 159 Kan. 387, 155 P. 2d 427; *Federal Farm Mortgage Corp. v. Bolinger,* 152 Kan. 700, 108 P. 2d 492.

"In at least two of our later cases (See *Lambeth v. Bogart,* 155 Kan. 413, 125 P. 2d 377; *Hall v. Eells,* 157 Kan. 551, 142 P. 2d 703), appeals were dismissed for failure to comply with its requirements.

"Indeed, on those occasions when its nonobservance has been overlooked, we think it can be said without fear of contradiction that we have indulged in what the late Justice Hoch termed 'acts of grace' in the hope that litigants would take heed and observe, not disregard, this rule, designed to promote definiteness, fairness and orderly procedure on appellate review. Much to our regret, despite criticisms for failure to observe it and studied warnings as to the probability of its application in the future (See *Biby v. City of Wichita,* 151 Kan. 981, 101 P. 2d 919;, *Carrington v. British American Oil Producing Co.,* 157 Kan. 101, 104, 138 P. 2d 463; *Federal Farm Mortgage Corp. v. Bolinger,* supra; *Shannep v. Strong,* 160 Kan. 206, 211, 160 P. 2d 683; *Hamilton v. Binger,* 162 Kan. 415, 419, 176 P. 2d 553), our leniency of the past has not accomplished what we had hoped for. Instead of reducing violations to a minimum it has increased them with the result that far too frequently we are forced into the intolerable situation of giving more consideration to appellants who disregard the rule than we can to appellants who observe it and are limited to the legal questions raised by their specifications of error. On that account, and since the need for Rule 5 far exceeds any possible reasons for its renunciation, we have concluded the time has come when its requirements should be rigidly enforced. It therefore follows that appellees' challenge of appellants' right to be heard in the instant appeal must be sustained." (pp. 545-546.)

It is quite true that under G. S. 1949, 62-1701, an appeal to this court may be taken by a defendant as a matter of right from any judgment against him. The statute, however, does not mean that a defendant is entitled to a review of every matter involved in his trial and sentence without compliance with well-established rules of procedure relating to appellate review. (*State v. Coletti,* 102 Kan. 523, 524, Syl. 3, 170 Pac. 995.) In other words, while in this case defendant did appeal from the order overruling his motion for a new trial, his failure to specify that order as error precludes a review of alleged irregularities and errors occurring during the trial. (*State v. Hamilton,* 185 Kan. 101, 103, 340 P. 2d 390; *State v. Schneider,* 188 Kan. 808, 366 P. 2d 27.)

The judgment of the trial court is affirmed.