No. 38,758

R. C. MALIR and JOSEPH F. MALIR, *Appellants,* v. JOSEPHINE
MAIXNER, *Appellee.*

(254 P. 2d 282)

Opinion filed
March 7, 1953.

*V. E. Danner,* of Ellsworth, argued the cause, and *John V. O'Donnell,* of
Ellsworth, was with him on the briefs for the appellants.

*Richard M. Driscoll,* of Russell, argued the cause, and *Jerry E. Driscoll,* of
Russell, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action for the specific performance of a
written contract to convey real estate. Defendant prevailed in the
court below and plaintiffs have appealed.

The property in question, two quarter sections, was formerly
owned by defendant's husband, who died in 1922. Under his will
it descended to defendant and their five daughters, as tenants in
common, the defendant owning an undivided one-half interest
therein and each of the children an undivided one-tenth interest.
Defendant and the children continued to reside on the property and
no partition or division of the same was ever made. Each of the
children is now married. Plaintiffs and defendant lived on adjoining
farms and had known each other for many years.

In February, 1950, a contract for the sale of the property to plain-
tiffs was prepared in a law office in Ellsworth. The purchase price
was listed as $24,000. The contract listed defendant as vendor and
plaintiffs as vendees, and contained nothing to indicate that defend-
ant owned less than the entire fee title. It contained the usual pro-
visions with reference to the furnishing of an abstract of title, and
so forth. It was signed by plaintiffs and defendant on February 23,
1950, and plaintiffs at the time paid defendant $2,000 as a down pay-

ment, the balance to be paid upon approval of title and delivery of deed. About two weeks later defendant returned the $2,000 to plaintiffs and notified them by letter that the heirs would not sign a deed.

In both the petition and a stipulation of facts it is admitted that as of the date of execution of the written contract defendant owned only an undivided one-half interest in the property, but the gist of plaintiffs' cause of action is that they did not learn of such fact until defendant returned the down payment and advised them that the other heirs would not join in a deed. The petition seeks specific performance by defendant as to her undivided one-half interest, with a reduction of the purchase price to a figure one-half of the amount listed in the contract.

The gist of defendant's answer is that the contract was prepared at the instance and request of a named real-estate agent in Ellsworth, who, while purportedly acting in her behalf, was actually acting in behalf of plaintiffs without her knowledge; that plaintiffs at the time well knew that the extent of her ownership was an undivided one-half interest; that she had no power or authority to bind the other heirs; that at the time she signed the contract she orally advised plaintiffs of such facts and stated that she was signing and delivering the contract only upon the condition that the other heirs and their spouses would join in the deed, and that because of their refusal to do so the contract therefore never became effective.

Upon the issues thus joined the parties went to trial. At the conclusion thereof the court made extensive conclusions of fact and of law and rendered judgment in favor of defendant, denying specific performance. The findings, most of which are not in dispute, will not be set out in their entirety. However, findings 9 and 13, and upon which the court really based its decision, read as follows:

"9. That the plaintiffs on February 23, 1950, and at all times prior thereto knew or had actual notice and knowledge that the defendant Josephine Maixner did not own the entire fee title to the said real estate, but, on the contrary, owned but an undivided one-half thereof, her five children owning the other undivided one-half, and that to complete the contract for the sale thereof, it was necessary and essential that all of the other fee owners sign deed or deeds conveying their undivided interest thereof to a proposed purchaser or purchasers."

"13. That at the time the defendant Josephine Maixner, placed her name on the memorandum of agreement (Exhibits 1 and 11), she orally informed the plaintiffs that her daughters were unwilling to convey their interests in said land; that she owned but an undivided one-half of the real estate; that she had no authority to bind her daughters; that she had no authority to bind the other interest holders; that the other interest holders would not convey their

undivided interest reserved; that it was her right to reserve or retain an undivided part or portion of the mineral rights; and that she would sign said agreement with, and only with, the definite understanding that it would not become a binding contract or be binding upon her, nor should it be considered unconditionally delivered, unless and until, if ever, the other interest owners, together with their respective spouses, executed deed or deeds covering their undivided interests; and to all of which the plaintiffs made no objection, but on the contrary, consented thereto."

Conclusions of law 2, 5 and 6, read:

"2. That the memorandum of agreement, dated February 23, 1950, was executed and delivered by the defendant upon condition, to take effect only upon the happening of some future event and not so as to become a binding contract at the time of the execution thereof by the parties, and which future event or condition did not occur."

"5. The court, in considering the evidence in this case and findings of fact made and found herein by the court and applying the rule that 'specific performance' is not a matter of right but of equity and whether it will be decreed rests always in the sound, judicial discretion of the court, concludes that the partial specific performance of the alleged agreement requested by plaintiffs should be, and the same is, hereby denied.

"6. The real estate involved herein probably had some value, speculative and otherwise, somewhat in excess of the price involved, but in view of the fact the contract was only conditionally delivered, and that the conditions upon which it was delivered never occurred, upon which facts the court bases its rulings herein, the question of such value is not controlling to the court's decision."

Plaintiffs recognize the conditional delivery exception to the parol evidence rule against altering or varying the terms of a written contract, but contend (1) that where, as here, the contract on its face is complete and unambiguous the exception to the rule has no application to an executory contract for the sale of real estate, and (2) even though parol evidence of the alleged conditional delivery was admissible it was insufficient to sustain the findings of the lower court.

Defendant contends that parol evidence was admissible, not for the purpose of varying or altering the terms of the contract itself, but to show the circumstances of its delivery, that is, that it was not to become effective as to her until the happening of some future event, namely, that the other heirs and their spouses would join in a deed of conveyance.

The evidence was admissible for the purpose for which it was offered, namely, to show the circumstances of the alleged conditional delivery of the contract. In no way did it vary, alter or

change the terms of the contract as written. It merely went to the point that the contract was not to be considered as a delivered present contract until the other parties in interest joined in a deed to the property. In *Stroupe v. Hewitt*, 90 Kan. 200, 133 Pac. 562, it was said:

"A contract cannot be varied until there is a contract, and there is none until it takes effect. Evidence that a writing purporting to be an agreement is not to take effect until the happening of some event or the ascertainment of some fact may be received, not to contradict the writing, but to show when it took effect, or that it never took effect." (p. 203.)

In *Bartholomew v. Fell*, 92 Kan. 64, 139 Pac. 1016, it was held:

"Between the original parties to a written instrument the rule excluding parol evidence in contradiction of a written agreement is not infringed by proof that the instrument was never delivered, or was delivered to take effect only upon the happening of some future event." (Syl. 3.)

See also *Rice v. Rice*, 101 Kan. 20, 165 Pac. 799; *Mayse v. Grieves*, 130 Kan. 96, 285 Pac. 630; *Greenleaf State Bank v. Monteith*, 173 Kan. 799, 252 P. 2d 621; 20 Am. Jur., Evidence, § § 1094 and 1095, pp. 955 and 956.

Plaintiffs place some reliance on what was said in *Cherry v. Joyce*, 168 Kan. 475, 213 P. 2d 1010. In a general way it may be conceded that certain statements in the decision lend support to their contentions. On the other hand, the question of conditional delivery of the written listing agreement, upon which suit was brought, was not even in that case. There the contract was to continue until a certain date and thereafter until terminated by the defendant upon the giving of ten days' written notice. Plaintiff fully performed his part of the contract, defendant in no manner repudiated or terminated it in the manner prescribed therein, and it was held that under the facts and circumstances parol evidence was inadmissible to nullify the contract. We do not consider the decision in that case to be controlling on the question now before us.

There remains, then, the question whether the evidence is sufficient to support the findings of the court. We have examined this evidence. To set it out would serve no purpose and would only unduly lengthen this opinion. It is sufficient to say that defendant, and at least three other witnesses who were present when the contract was signed, testified that plaintiffs were orally apprised of the extent of defendant's interest in the property; that she had no authority to bind the other heirs, and that execution and delivery of

the contract by her was conditional upon their joining in a deed. From this evidence, as well as from all of the other surrounding facts and circumstances shown by the record, the court was fully justified in making the findings it did. It is true that on this question the evidence was sharply conflicting, but in view of the well-established rule of appellate review this court is bound by the findings made by the trier of the facts.

Under all of the facts and circumstances of the case, and bearing in mind that specific performance is not a matter of right, but of equity, and whether it will be decreed always rests in the sound discretion of the trial court, the court did not err in its judgment refusing to compel specific performance of the contract as to defendant's undivided one-half interest in the property. (*Thompson v. Musick*, 85 Kan. 399, 116 Pac. 612.)

Other contentions made by plaintiffs have been noted and considered, but require no discussion.

We find no error in the record, and the judgment of the lower court is affirmed.