No. 39,992

J. C. George, *Appellant*, v. Frank L. Kohlasch, Ibbie F. Kohlasch, and The Railroad Building and Loan Association, *Appellees*.

(295 P. 2d 655)

Opinion filed April 7, 1956.

*Charles S. Arthur*, of Manhattan, argued the cause, and *Charles D. Green*, of Manhattan, was with him on the briefs for the appellant.

*John Weckel*, of Salina, argued the cause, and *Rudolph Barta*, of Salina, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Price, J.: This was an action on a promissory note and to foreclose a real-estate mortgage given as security therefor. Both instruments were adjudged to be void and of no effect. Judgment was entered for defendants and plaintiff has appealed.

At the outset it should be stated that the rights of defendant The Railroad Building and Loan Association were fully adjudicated in the court below. Such defendant is not a party to this appeal and wherever used in this opinion the word defendants applies only to Frank and Ibbie Kohlasch, husband and wife.

Briefly stated, the situation was this:

Defendants moved from their home in Salina to Manhattan for business reasons and rented a house at the edge of town. Plaintiff, a resident of Manhattan, owned a house in town which was being rented to other parties. He listed this house for sale with a local real-estate agent who, in turn, contacted defendants in an attempt to sell the house to them. On May 29, 1950, defendants entered into a written contract to purchase the house from plaintiff for the

sum of $8,000, and as a down payment executed a 90-day promissory note to plaintiff for $1,000, secured by a mortgage on their Salina property from which they recently had moved. The entire transaction was to be completed and full payment of the purchase price was to be made on or before July 1, 1950. Through an arrangement which was apparently agreeable to all parties, defendants moved into the property in question and paid a monthly rental to plaintiff. The deal for the purchase of the property was never consummated and about six months later defendants moved back to Salina. Plaintiff went back into possession of the Manhattan property and is still the owner thereof. No action has ever been brought on the contract of purchase.

This action on the promissory note and mortgage was filed in February, 1953, and the petition contains the usual allegations with reference to the execution of such instruments.

The answer admits the execution of the note and mortgage sued on, but alleges failure of consideration and that they were procured through false and fraudulent representations of plaintiff, as hereinafter mentioned.

The reply denies such allegations of the answer.

Following a trial of the issues the court made conclusions of fact and of law. Included among the facts so found are the following:

Plaintiff was not present at the time defendants executed the contract of purchase and the note and mortgage, his interests being taken care of by the real-estate agent. All three instruments were deposited with an escrow agent. The agreement with reference to the furnishing of an abstract of title apparently was not carried out. At the time the note and mortgage were signed defendants were told by the real-estate agent that they were only for his, the agent's, office records, that they would not be obligated thereon, that if they did not find it convenient to carry out the contract of purchase at the end of six months they would not be obligated on the note and mortgage, and that they believed and relied upon such representations by the agent. The court also found that defendants were persons of mediocre and limited understanding, and noted that plaintiff offered no rebuttal evidence and no denial by his agent concerning the testimony of defendants as to the alleged oral misrepresentations although he had ample opportunity to do so.

As a conclusion of law the court held the note and mortgage to have been procured by plaintiff's agent, both as to their exe-

cution and delivery, through false and fraudulent material representations made by such agent with intent to deceive and defraud defendants, and adjudged such instruments to be void and of no effect.

Judgment was entered in accord with the court's findings and conclusions, and, plaintiff's motion for a new trial being overruled, he has appealed.

One specification of error is that the court erred in permitting defendants to amend their answer after all of the evidence was introduced. From the journal entry of judgment it appears that after all evidence had been introduced, and following plaintiff's opening argument, defendants orally moved for permission to amend instanter, by interlineation, allegations of their answer so as to conform to the proof and evidence. This motion was allowed, whereupon defendants amended the answer so as to allege that the wrongdoings in question were committed by the real-estate agent acting as plaintiff's agent. From the record there is no doubt but that the alleged misrepresentations were made by the agent rather than by plaintiff himself, and, under the statute, G. S. 1949, 60-759, relating to power of the court to allow amendment of pleadings, before and after judgment, such amendment was properly permitted.

Another specification of error, although not directly argued in the brief, relates to alleged error in the admission of evidence. We assume reference is made to defendants' parol evidence which, it is inferentially claimed, contradicted and varied the terms of the instruments sued on. We do not understand this evidence was offered or admitted for that purpose. In *Rice v. Rice*, 101 Kan. 20, 165 Pac. 799, it was held that in a foreclosure suit between the immediate parties to the note and mortgage parol evidence is always admissible to show a failure of consideration, and that the rule which prohibits the introduction of parol evidence to vary a written instrument has no application where the legal existence or binding force of the instrument is in question. To the same effect is *Farmers State Bank v. Montgomery*, 129 Kan. 203, 282 Pac. 741, where it was held that as between the immediate parties no recovery can be had upon a promissory note given without consideration and for a special purpose, and which was not intended to become a binding obligation. See also *Greenleaf State Bank v. Monteith*, 173 Kan. 799, 252 P. 2d 621; *Malir v. Maixner*,

174 Kan. 26, 254 P. 2d 282; *Emery v. Graber*, 176 Kan. 17, 268 P. 2d 950, and *Bankers Life Ins. Co. v. Litsey*, 176 Kan. 79, 268 P. 2d 934, as having a bearing on the general subject matter.

Other specifications of error are that the court's findings are not supported by evidence; that the conclusions of law are unsupported, and that the court erred in failing to render judgment in favor of plaintiff on the undisputed evidence and in overruling plaintiff's motion for a new trial.

In view of the issues before the trial court this was essentially a fact case. The trial court saw and heard the witnesses, something which is denied to this court on appellate review. The evidence introduced will not be detailed, but an examination of the record clearly shows sufficient evidence, if believed by the trial court, to support the findings. It is equally clear the trial court gave credence to defendants' version of the matter and under the circumstances this court is not at liberty to disturb the findings made. We are not permitted to retry the facts. No error being made to appear, the judgment is affirmed.