No. 45,013

GLEN N. LAWRENCE and HELEN H. LAWRENCE, *Appellants*, v. PAUL
R. SLOAN and HOWARD E. SLOAN, *Appellees*.

(440 P. 2d 626)

Opinion filed
May 11, 1968.

*Eugene C. Riling,* of Lawrence, argued the cause and was on the brief for
the appellants.

*Fred N. Six,* of Lawrence, argued the cause, and *Richard A. Barber, John
A. Emerson* and *Richard L. Zinn,* all of Lawrence, were with him on the brief
for the appellees.

The opinion of the court was delivered by

PRICE, C. J.: Plaintiffs purchased a house from defendants.
Shortly after they moved in sewer trouble developed. They brought
this action to recover damages for breach of an alleged express oral
warranty.

Judgment was rendered for defendants and plaintiffs have ap-
pealed.

The background of the matter is this:

Defendants constructed several houses in a new addition at the
west edge of Lawrence. The house in question was occupied by
one of the defendants and his family for several months, and then

was put up for sale. Through a real estate dealer plaintiffs decided to purchase the house. Following the usual preliminary negotiations, plaintiffs and defendants, on April 14, 1965, entered into a written contract titled "Agreement for Warranty Deed," by the terms of which plaintiffs agreed to purchase, and defendants agreed to sell, for $17,500. Conveyance was to be in fee simple by general warranty deed and possession was to be given on or before May 15. In addition to the usual provisions contained in such a printed form agreement, a special provision was typed in which required defendants to install a dryer vent in the utility room, paint all sheet rock repairs, and to putty nail holes in the kitchen —prior to closing the sale.

The property was conveyed by the required deed on May 7, on which date plaintiffs went into possession. The deed was recorded on May 13.

Shortly after plaintiffs went into possession the area experienced unusual amounts of rainfall and sewer trouble developed. From time to time defendants responded to plaintiffs' calls with respect to the difficulty and even installed some additional lateral sewer lines. They also took other steps to correct the situation. Plaintiffs continued to complain, and when defendants refused to do anything further this action was brought.

Plaintiffs' petition alleged—

"That on or about the 14th day of April, 1965, the defendants contracted to sell the land and residence located upon the real estate above described to the plaintiffs, and that as part of the consideration for said purchase the defendants warranted to the plaintiffs that any defects that occurred in the residence the property above described within one year from the date of the purchase would be corrected at the expense to defendants."

The evidence of the parties at the trial of the matter need not be related. The theory and basis of plaintiffs' case was, and is, that during the negotiations leading up to the execution of the written agreement defendants orally agreed that if any defects in the construction of the house occurred within one year from the date plaintiffs took possession they would be repaired at defendants' cost; that such oral antecedent agreement was collateral to the written contract and deed delivered between the parties and survived the contract and deed, and was reaffirmed by defendants by their attempts during May and June to correct the defects which occurred.

Together with a denial of any such alleged express oral warranty,

defendants' position was, and is, that evidence of the alleged oral agreement which varied the terms of the perfectly plain and unambiguous written agreement was inadmissible under the parol evidence rule.

The trial court held that the written agreement for warranty deed was complete and unambiguous and could not be altered by parol evidence, and further, that since there was no express warranty in the agreement or deed relating to the repair of the defects in question or for damages allegedly resulting therefrom, plaintiffs had no cause of action.

Judgment was entered accordingly, and plaintiffs have appealed.

In oral argument of this appeal counsel for plaintiffs recognized the impact of the parol evidence rule on the situation presented and candidly conceded that if the written agreement of April 14 set out fully the rights and liabilities of the parties and was not ambiguous—the trial court was correct in its ruling.

The record in this case presents a very simple and elementary question. There is no question of fraud or mutual mistake, and neither is there any question of an implied warranty involving construction of the house in an "unworkmanlike" manner. Also, no "new consideration" is relied on. It simply is contended that during the negotiations leading up to the execution of the written contract and deed defendants expressly orally agreed that if any defects in the construction of the house occurred within one year from the date plaintiffs took possession—such defects would be corrected at defendants' cost.

In neither the written contract nor the deed was there any reference to the alleged express oral warranty. Both instruments were silent as to the matter, and were complete in themselves. Neither instrument was ambiguous in any respect, and the rights and liabilities of the parties were fully expressed.

The rule applicable to such a situation is clear. In *Ehrsam v. Brown,* 64 Kan. 466, 67 Pac. 867, it was held:

"Whether parties have committed their entire contract to writing is a question for the determination of the court. In this determination the writing itself is the guide. If, on its face, it imports to be complete—that is, if it contains such language as imports a complete legal obligation between the parties— it is complete, and parol evidence will not be admitted to extend its obligations to cover matters upon which the writing is silent." (Syl. 2.)

In *Cherry v. Joyce,* 168 Kan. 475, 213 P. 2d 1010, it was held that where parties carry on oral negotiations and later enter into a writ-

ten contract covering the subject matter all prior or contemporaneous negotiations and understandings are deemed to be merged in the contract and must be determined from the writing itself, and that in such a case, and where the contract is complete, unambiguous and free from uncertainty, parol evidence of prior or contemporaneous agreements or understandings tending to vary or substitute a new and different contract for the one evidenced by the writing, is inadmissible. Also, see *Oaks v. Hill,* 182 Kan. 501, 503, 322 P. 2d 814; *Simonich, Executrix v. Wilt,* 197 Kan. 417, 423, 424, 417 P. 2d 139, and *In re Estate of Smith,* 199 Kan. 89, 427 P. 2d 443.

This case was decided correctly and the judgment is affirmed.