No. 45,481

EDITH PROPHET, in person and on behalf of all persons similarly situated, *Appellant*, v. BUILDERS, INC., *Appellee.*

(462 P. 2d 122)

Opinion filed December 6, 1969.

*Paul W. Clark,* of Wichita, argued the cause, and *Lester C. Arvin, Kay K. Arvin, Rodney H. Busey* and *John D. Dunbar,* all of Wichita, were with him on the brief for the appellant.

*Melvin M. Gradert,* of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This action was instituted as a class action by the plaintiff seeking a mandatory injunction against the defendant to restore and maintain four "Senior Citizen Communities" as they

existed when the plaintiff was induced to occupy her apartment five years prior to instituting the action, or in the alternative for a permanent injunction enjoining the defendant from further changing the character of such "Senior Citizen Communities." The trial court sustained a motion to dismiss the action on the ground that it failed to state a claim upon which relief could be granted, and the plaintiff has duly perfected an appeal.

The only question presented is whether the admitted facts are sufficient to state a claim upon which relief can be granted.

Procedurally, the matter was presented in the trial court upon a motion to dismiss the action. The ground stated was that it failed to state a claim upon which relief could be granted. (K. S. A. 1968 Supp. 60-212 [b] [6].) After the plaintiff filed her original petition the defendant moved to dismiss, or in the alternative moved for a summary judgment, attaching four exhibits and an affidavit. The trial court after hearing the matter overruled the motion and granted the plaintiff ten days to file an amended petition. Pursuant thereto an amended petition was filed and the plaintiff attached additional exhibits. Upon the defendant's motion to dismiss the amended petition the trial court considered the amended petition, the exhibits attached thereto, and the exhibits and affidavits attached to the defendant's original motion, whereupon it sustained the defendant's motion. Actually, the matter was submitted by the parties, and treated by the trial court, as a motion for summary judgment. (K. S. A. 60-256.)

The facts are not in dispute. Edith Prophet (plaintiff-appellant) entered into a written rental agreement with Builders, Inc. (defendant-appellee) on the 30th day of July, 1963, for a month to month rental. The agreed rental was $60 per month. The written lease contained language common to standard rental agreements and made no mention of the "Senior Citizen" nature of the dwelling. The contract between the parties expressly stated:

"There are no exceptions, and no verbal statements made by agents and employees shall be binding upon the company or alter any provisions of the lease agreement."

Prior to the rental agreement Builders, Inc. advertised rather extensively a "Senior Citizen Community" concept which it said was limited to persons sixty years of age or older.

Builders, Inc. is the rental agent for approximately 2,000 apartments in Wichita, Kansas. In 1960 and 1961 a portion of these

apartments was made available and equipped as "Senior Citizen" housing. The first of these areas was designated as Stafford Village. Thereafter three additional areas in other parts of the city were made available and equipped for "Senior Citizens" as the need arose. These were designated as Parklane, Southeast Village and Linwood Village.

Each village was composed of ground floor, garden-type brick four-plex apartments featuring safety rails, new decoration and complete maintenance, a club room, laundry facilities, card room and T-V room. A large meeting room was made available as well as a large outdoor recreational area.

There were no fees, grants, gifts or other endowments required to gain admission to any of these apartments. The tenants rent individually from Builders, Inc. on a monthly basis. These areas are not controlled by management insofar as activities are concerned, although certain areas were provided for common activities of the residents as a gratuity, subject to availability. These areas are self-governing, and no attempt is made by management to control common activities carried on therein.

From a beginning of 136 apartment units the "Senior Citizens" concept grew to a total of 459 apartments in the four areas housing "Senior Citizens;" that is, citizens over sixty years of age.

Since the creation of the local housing authority Builders, Inc. has and is continuing to cooperate with the local housing authority to provide "Senior Citizen" housing, and had, when the case was submitted, 246 apartments leased to the local housing authority, of which 191 were rented to "Senior Citizens" through the local housing authority. Builders, Inc. in its brochures advertised low cost housing and originally leased to the plaintiff for $60 per month. Thereafter the plaintiff's rental was increased on March 1, 1966, to $62 per month; on February 10, 1967, to $72 per month, and on November 1, 1967, to $82 per month. In each case more than one month's notice was given to the tenant of such rental change.

The plaintiff in her amended petition alleges that the representations made by the defendant in the form of a brochure and newspaper advertisement were made for the express purpose of inducing the plaintiff and others who were similarly situated to leave their existing residences and move to a "Senior Citizen Community" owned and operated by the defendant in the city of Wichita. She alleges the defendant represented that the "Senior Citizen Com-

munities" were limited to persons sixty years of age or older; that she relied upon the representations and moved from her residence to a "Senior Citizen Community" owned and operated by the defendant; and that the defendant has now changed the entire character of the housing area by permitting persons of all ages to occupy the premises, and by numerous rent increases, although she remains on a limited, fixed income. She further alleges that the housing area no longer exists as it was represented to her, and that she has been damaged thereby (although she does not state the specific manner in which she has been damaged in her amended petition).

The plaintiff alleges:

"That the defendant was under an obligation to continue the 'Senior Citizen Communities' as represented by the defendant in its brochures and newspaper advertisements and to do otherwise is to cause an irreparable injury to the plaintiff and others similarly situated, in that the plaintiff and others similarly situated have so changed their positions because of their reasonable reliance upon the defendant's representations. . . ."

In her prayer the plaintiff seeks:

". . . a permanent injunction enjoining defendant to restore and maintain Stafford Village Senior Citizens Homes, Parklane Senior Citizens Homes, Southeast Village Senior Citizens Homes and Linwood Village Senior Citizens Homes as 'Senior Citizen Communities' as they existed when she was induced to occupy same or in the alternative, for a permanent injunction enjoining the defendant from further changing the character of the aforementioned 'Senior Citizen Communities' and for such other and further relief as to the court seems just and equitable."

The appellee relies upon the written rental agreement which it contends firmly establishes the relationship of landlord and tenant between it and the plaintiff.

The appellee argues that even assuming the advertisements or brochures were an inducement to the appellant to rent one of the appellee's apartments, such inducements do not change the relationship between the parties, nor did such advertising change the effect of the written leasing agreement. The written lease definitely provides that the tenant is renting on a month to month rental basis. Either party is entitled to terminate the lease by giving thirty days advance written notice.

The appellant contends that even a prior oral agreement, not embodying the same terms as a later written agreement, is admissible in evidence, citing *In re Estate of Boller*, 173 Kan. 30, 244 P. 2d 678; and *In re Estate of Hupp*, 177 Kan. 202, 277 P. 2d 618.

This argument is erroneous because it assumes there was a prior oral or written agreement. The inducements made by the appellee in the form of brochures and advertisements do not rise to the dignity of an agreement, and the amended petition does not allege a prior written or oral agreement.

The general rule is that a subsequent written agreement embodies all prior understandings and agreements, and where the written contract is complete and free from ambiguity and neither fraud nor mistake is pleaded, as here, parol testimony of a contemporaneous oral agreement relating to the same matter is incompetent. (*In re Estate of Boller*, supra, and authorities cited therein.)

The foregoing is known as the parol evidence rule which is a rule of substantive contract law, not a rule of evidence. On this subject the following has been said in 3 Corbin on Contracts, § 573:

"When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing. This is in substance what is called the 'parol evidence rule,' a rule that scarcely deserves to be called a rule of evidence of any kind, and a rule that is as truly applicable to written evidence as to parol evidence. The use of such a name for this rule has had unfortunate consequences, principally by distracting the attention from the real issues that are involved. These issues may be any one or more of the following: (1) Have the parties made a contract? (2) Is that contract void or voidable because of illegality, fraud, mistake, or any other reason? (3) Did the parties assent to a particular writing as the complete and accurate 'integration' of that contract?" (pp. 357-359.)

Here the parties made a written leasing contract; the plaintiff does not charge that the contract is void or voidable because of illegality, fraud, mistake, or any other reason; and the parties specifically stated in the written leasing contract that it was the complete and accurate integration of that contract. The contract specifically stated there were no exceptions, and that no verbal statements of the appellee's agents and employees would bind the appellee or alter any provisions of the lease agreement.

Numerous Kansas cases support the foregoing rule. (*Lawrence v. Sloan*, 201 Kan. 270, 440 P. 2d 626; *Richards Aircraft Sales, Inc. v. Vaughn*, 203 Kan. 967, 457 P. 2d 691; and authorities cited in these opinions.)

The amended petition is completely silent as to what kind

or type of injury or damage, threatened or actual, past, present or future, the appellant has sustained.

Under the terms of the rental agreement, rental increases are authorized and warranted provided sufficient notice has been given. The record discloses more than thirty days notice was given the appellant each time the rent was increased. By affidavit the appellee stated such rental increases were absolutely necessary in order to maintain the property in view of increased taxes and operational costs.

The affidavit of the appellee's property manager discloses the appellee has not changed the character of the housing areas, but has merely attempted to keep the rental units occupied as they become vacant.

The appellant's complaint simply boils down to the fact that apartment units which have become vacant are being rented to persons under sixty years of age. The appellant wants the appellee to be enjoined in perpetuity from renting any of the apartment units in the "Senior Citizen" areas to persons under sixty years of age. This leads us to a discussion of mandatory injunctions.

A mandatory injunction is an extraordinary remedial process resorted to usually for the purpose of effectuating full and complete justice, and commands the performance of some positive act. While the granting of mandatory injunctions is governed by the same rules as the granting of preventive injunctions, courts are more reluctant to grant a mandatory injunction than a prohibitory one, and generally an injunction will not lie except in prohibitory form. A party seeking a mandatory injunction must clearly be entitled to such decree before it will be rendered. (*Pyramid Life Ins. Co. v Gleason Hospital*, 188 Kan. 95, 360 P. 2d 858, and cases cited therein; and 43 C. J. S., Injunctions, § 5, p. 409.)

The court in speaking of a mandatory injunction in *Cave v. Henley*, 125 Kan. 214, 264 Pac. 25, said:

". . . where the interference of a court of equity would cause the encroaching defendant ruinous and needless loss and expense, and where equity's refusal to interfere would cause little or no practical inconvenience to the party sustaining the encroachment, and where all damage to the latter could be adequately compensated by a plain remedy at law, the rule is that the aggrieved party will be remanded to his action at law, and relief by mandatory injunction denied. . . ." (p. 217.)

The mere suggestion in the instant case that a permanent injunction, mandatory or otherwise, could be used to regulate the economic supply and demand factor and impose a rent control is absolutely repulsive. It is foreign to our free enterprise system. Injunctions should never be used to accomplish such ends. The market place has traditionally been the regulator of price, and interference by the judiciary is unwarranted.

Assuming the appellant had stated sufficient facts to overcome the contract feature of the case, which she has not done it is difficult to conceive that the presence of occupants in the "Senor Citizen Communities" under the age of sixty years would afford a basis for injunctive relief. The appellant's request that present tenants under the age of sixty years in the "Senior Citizen Communities" be evicted and rent controls be impose is wholly untenable on the basis of the record here presented.

The judgment of the lower court dismissing the appellant's amended petition for failure to state a claim upon which relief can be granted is affirmed.