No. 46,322

Dick J. Branstetter, *Appellant*, v. Norma Cox, *Appellee*, and Christine Schulte and Mae Wadley, *Defendants*.

(496 P. 2d 1345)

Opinion filed May 6, 1972.

*Robert W. Kaplan*, of Kaplan, McMillan and Anderson, of Wichita, argued the cause and was on the brief for the appellant.

*Owen J. Redmond, Jr.*, of Redmond and Redmond, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Fromme, J.: This action was brought for specific performance of a written real estate purchase contract. After a trial to the court, judgment was entered in favor of all defendants. The plaintiff-seller, Dick J. Branstetter, appeals from the judgment in favor of the defendant-buyer, Norma Cox.

No appeals were taken from the judgments in favor of the other defendants, so they are not interested in this appeal.

The real estate purchase contract was on a printed form. The blanks were filled by writing in longhand. The contract which was in evidence has the blank for the name of the seller filled in with "Dick Branstetter, a single person". The blank for the name of the buyer was filled with "Norma Cox". Nothing concerning her marital status was shown. The description of the residence property, the consideration for the conveyance, the amount of the earnest money payment and all other blanks were filled in longhand. The signatures of Norma Cox and Dick J. Branstetter appear at the bottom of the contract.

The defendant Norma Cox claimed in her answer there was no meeting of minds on the contract. She alleged that her signature was affixed with an understanding the contract would not take

effect or be binding unless and until it was approved by her husband, Lee Cox; and that he never approved the same.

The defendant's position was sustained by the trial court on the basis of the evidence introduced. The plaintiff appeals and urges two points.

Certain preliminary facts should be noted in order for us to consider these points.

Christine Schulte, a saleswoman for Mae Wadley, a real estate broker, filled in the blanks of the real estate purchase contract. Norma Cox signed the contract in the presence of Christine Schulte. The seller, Dick J. Branstetter, was not present when this was done. Thereafter, Christine Schulte took the contract to Branstetter for his signature. Norma Cox was not present when Branstetter signed. The earnest money payment of $100 was in the form of a check signed by Norma Cox. The check was delivered to Christine Schulte at the time Norma Cox signed the contract. The check was drawn on the joint account of Lee or Norma Cox.

Although the testimony of the parties is conflicting, Norma Cox testified generally as follows: She had previously purchased a house through the efforts of Christine Schulte. The title to that house was taken in joint tenancy with her husband. Thereafter Christine Schulte called her about purchasing another house at 2731 Maple Street in Wichita. A friend, Mrs. Lowry, was with her at the time. They met Christine Schulte at the Maple Street address and inspected the house. Mrs. Cox advised Mrs. Schulte they would not be interested in the house unless her husband looked at it. Her husband might approve the purchase if the lot was big enough to put a second house on it. Mrs. Schulte asked Mrs. Cox to call her husband and have him come to the address. Mrs. Cox advised Mrs. Schulte she could not do this because her husband was busy at that time. Mrs. Schulte then asked if she might go to the husband's office and get his approval on the contract. While the women were sitting in the car Mrs. Schulte filled in the bottom part of the contract leaving the names of the seller and buyer in blank. Mrs. Cox asked Mrs. Schulte about these blanks and Mrs. Schulte stated she would fill them in when she got back to the office. Mrs. Cox testified the earnest money payment requested on the $6,500 contract was $500 but that she refused to make a check for more than $100 and so advised Mrs. Schulte. She did not think her husband would consider buying this house.

Later that evening Christine Schulte called her by telephone. Her husband was there at that time. She advised Mrs. Schulte her husband was not interested and would not sign the contract.

The husband, Lee Cox, testified that the contract on the Maple Street property was never presented to him for his signature. He was not interested in the property. He was present with his wife in their home when Mrs. Schulte called on the telephone. This was the evening of the day the house was shown to his wife. He heard his wife advise Mrs. Schulte he would not sign the contract. The following morning Mrs. Schulte called him at his office about buying the Maple Street property. He advised her he was not interested.

Mrs. Lowry, the friend of Mrs. Cox, testified that she accompanied Mrs. Cox when she looked over the property on Maple Street. Mrs. Lowry overheard the conversation between Mrs. Cox and Mrs. Schulte. Mrs. Cox told Mrs. Schulte she would have to get her husband's approval on the house. He would have to look at the house and sign the contract. Mrs. Lowry further testified that Mrs. Schulte then asked if she could go get Mr. Cox and have him look at it. Thereafter the paper, which Mrs. Lowry understood to be a contract, was signed while all three of them were sitting in the car.

Plaintiff's first point of contention on appeal is that the oral testimony of Mr. and Mrs. Cox and of Mrs. Lowry was an attempt to alter the terms of the written agreement in violation of the parol evidence rule.

The parol evidence rule as expressed in *Thurman v. Trim,* 206 Kan. 118, 477 P. 2d 579, is as follows:

"When a contract is complete, unambiguous and free of uncertainty, parol evidence of a prior or contemporaneous agreement or understanding, tending to vary or substitute a new and different contract for the one evidenced by the writing is inadmissible." (Syl. ¶ 2.)

Similar statements of this well recognized rule may be found in *Prophet v. Builders, Inc.,* 204 Kan. 268, 462 P. 2d 122; *Lawrence v. Sloan,* 201 Kan. 270, 440 P. 2d 626; and *Oaks v. Hill,* 182 Kan. 501, 322 P. 2d 814. The prohibition against oral testimony in such case is applied to exclude testimony offered to vary the terms of the written contract. As more specifically pinpointed in *Prophet v. Builders, Inc.,* supra, it was said:

"When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of

that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing where such written contract is free from ambiguity and neither fraud nor mistake is asserted." (Syl. ¶ 2.)

Where as here the original parties are the ones concerned and the evidence is offered not to vary the specific terms of the contract but to prove the parties did not assent to it as a complete and accurate integration of a contract the evidence is clearly admissible.

In the early case of *Bartholomew v. Fell*, 92 Kan. 64, 139 Pac. 1016, this distinction was recognized and the court held:

"Between the original parties to a written instrument the rule excluding parol evdence in contradiction of a written agreement is not infringed by proof that the instrument was never delivered, or was delivered to take effect only upon the happening of some future event." (Syl. ¶ 3.)

The rule as to admissibility was further delineated in *Rice v. Rice*, 101 Kan. 20, 165 Pac. 799, which holds:

"Although the terms of a written obligation, assumed to be valid, can not be varied by parol, it may be shown by parol what caused the party thus to obligate himself, and thereby test the question whether he is legally bound, as the writing imports, or whether he is by any cause wholly or partially freed from liability thereon." (Syl. ¶ 1.)

'In *White v. White*, 183 Kan. 162, 326 P. 2d 306, the litigants were concerned with a written partnership agreement. The appellant claimed error in the admission of oral evidence to vary the terms of such agreement. On appeal this court said:

". . . The trouble with all arguments advanced by appellant on this point is that the rule which prohibits the introduction of parol evidence to vary a written instrument has no application where the legal existence or binding force of the instrument is in question." (p. 167.)

Such evidence has been held admissible in *Greenleaf State Bank v. Monteith*, 173 Kan. 799, 802, 252 P. 2d 621; *Emery v. Graber*, 176 Kan. 17, 22, 268 P. 2d 950; *George v. Kohlasch*, 179 Kan. 337, 339, 295 P. 2d 655; and many other cases appearing in our reports.

In *Malir v. Maixner*, 174 Kan. 26, 254 P. 2d 282, a contract for the sale of land was executed and a $2,000 down payment was made. The defendant seller, who owned only a partial interest, defended an action for specific performance by claiming she signed and delivered the contract upon condition the other owners would join in a conveyance. The plaintiff objected to parol evidence as tending to vary or alter the terms of the contract. The defendant contended the oral testimony was admissible to show by the circum-

stances of its delivery the contract was not effective until the other owners joined in the conveyance. This court said:

"The evidence was admissible for the purpose for which it was offered, namely, to show the circumstances of the alleged conditional delivery of the contract. In no way did it vary, alter or change the terms of the contract as written. It merely went to the point that the contract was not to be considered as a delivered present contract until the other parties in interest joined in a deed to the property. . . ." (p. 28, 29.)

To obtain specific performance it must first be proven the contract is a completed and effective contract. Evidence that the writing was not to take effect until and unless another person joined in the contract does not contradict or vary the terms of the contract. Such evidence is introduced to show the contract was not effective or binding because of a failure to comply with the terms of a conditional delivery. The evidence in our present case was clearly admissible under the foregoing cases to show a conditional delivery of the contract.

There remains the question whether defendant's evidence is sufficient to support the findings and judgment of the trial court. Findings of fact supported by substantial competent evidence will not be disturbed on appellate review, even though the record discloses some evidence which might have warranted the trial court in making findings to the contrary. (*Gault v. Board of County Commissioners*, 208 Kan. 578, Syl. ¶ 1, 493 P. 2d 238.)

We have previously summarized defendant's testimony. It is corroborated by testimony of the husband and of Mrs. Lowry. It is sufficient to support the findings and judgment of the trial court.

We find no error in the record and the judgment of the district court is affirmed.