(64 P.3d 458)

Nos. 89,115
89,116

MIKE MONEY and DOUGLAS A. MONEY, *Appellants*, v. FORT HAYS STATE UNIVERSITY ENDOWMENT ASSOCIATION, *Appellee*.

Opinion filed February 28, 2003.

*Randall W. Weller,* of Jones and Weller, P.A., of Hill City, for appellants.

*Paul R. Shepherd,* of Shepherd & Giefer, of Hays, for appellee.

Before BEIER, P.J., PIERRON, J., and PADDOCK, S.J.

BEIER, J.: Mike and Douglas Money appeal the district court's decisions entering summary judgment in favor of Fort Hays State University Endowment Association (Association) on their dispute over an auction of real estate.

The Association offered certain tracts of real estate for sale by auction. The written advertisement of the auction contained the following note: "Announcements made day of sale shall take precedence over printed material." In addition, Schedule B of the title insurance commitment issued for the auction provided in pertinent part:

"The following are the requirements to be complied with:

. . . .

That upon a certain date, at a regular business meeting or a special one called for that purpose, a majority of the members present authorized or instructed said trustees (or directors) to convey said property (describing it) and to execute all necessary papers for that purpose."

The Moneys reviewed the advertisement before attending the auction. In addition, they reviewed Schedule B of the title insurance commitment. They were the highest bidders on two separate tracts, and each executed an agreement for warranty deed provided by the Association. The agreement contained no provision stating

that the sales were subject to approval by the Executive Committee of the governing board of the Association.

The Moneys provided the proper down payments and were prepared to proceed with the two sales when the Association's Executive Committee voted unanimously not to approve the transactions.

Each of the Moneys then filed a lawsuit seeking specific performance of the relevant sales agreement. The Association defended by arguing that the agreements' failure to include the condition of Executive Committee approval meant the agreements were not integrated. In the Association's view, the Executive Committee's rejection of the agreements made the agreements unenforceable.

The Moneys sought summary judgment, claiming the agreements were unambiguous and enforceable as written. The Association filed responses and cross-motions for summary judgment. It did not controvert the Moneys' statement of facts but alleged the statement was incomplete. It offered its own set of uncontroverted facts, including a statement that the auctioneer announced, both before and during the auction, that the sale of the real estate was subject to approval by the Association's Executive Committee. It also asserted that the Moneys were present when these announcements were made and that Mike had implicitly acknowledged the condition before signing his agreement by asking when the Executive Committee planned to meet to consider the sales. The Moneys did not respond to the Association's motions for summary judgment.

The district court deemed the Association's statement of facts uncontroverted, found the agreements clear and unambiguous, and found extrinsic evidence admissible to show the agreements were not integrated. It granted summary judgment to the Association, ruling that the failure of the condition announced by the auctioneer rendered the agreements "ineffective and unenforceable."

The Moneys filed postjudgment motions for relief under K.S.A. 60-260(b) and for reconsideration. They argued, in part, that they had believed the Association would grant them additional time to

respond to its motions for summary judgment, but the court issued its decision before they had a chance to file responses. They attempted to submit their responses to the Association's motions for summary judgment with their postjudgment motions. The Moneys also claimed that the Association had failed to comply with their request for a videotape of the auction until after summary judgment was entered. They argued the videotape supported their contention that the auctioneer had not announced any conditions of sale, creating a genuine issue of material fact for trial. The district court denied the postjudgment motions, and the cases were consolidated for appeal.

" 'Summary judgment is appropriate when the pleading[s], depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' [Citation omitted.]" *Mitchell v. City of Wichita*, 270 Kan. 56, 59, 12 P.3d 402 (2000) (quoting *Bergstrom v. Noah*, 266 Kan. 847, 871-72, 974 P.2d 531 (1999).

A party faced with an opponent's summary judgment motion stands silent at its peril.

"When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party." K.S.A. 2002 Supp. 60-256(e).

Pursuant to Supreme Court Rule 141(b) (2002 Kan. Ct. R. Annot. 189), the Moneys had 21 days to submit responses to the Association's summary judgment motions and to take issue with any of its uncontroverted facts. They did not respond. The district

court therefore properly deemed the Association's statement of uncontroverted facts controlling and adopted those facts as the basis for its decision. See *Bus. Opportunities Unlimited, Inc. v. Envirotech Heat. & Cooling, Inc.*, 26 Kan. App. 2d 616, 618, 992 P.2d 1250 (1999) (Rule 141 not merely "fluff"; rule means what it says, serves a necessary purpose). The Moneys' last ditch effort to submit responses to the Association's motions by filing them with their postjudgment motions simply came too late. No matter what they understood about the Association's amenability to extension of their 21-day deadline, the district court granted no such extension. Just as important, if they truly believed their ability to demonstrate the existence of a genuine issue of material fact hinged on the Association's production of the auction videotape, it was incumbent upon them to call that issue to the attention of the court through a timely response or motion for extension or continuance. See K.S.A. 2002 Supp. 60-256(f) (court may order continuance for nonmoving party to conduct discovery).

The district court explicitly found the written agreements at issue were not ambiguous. Yet it admitted parol evidence to show that they were not integrated, *i.e.*, that delivery was conditional and that the failure of the condition of Executive Committee approval rendered the agreements unenforceable. In the district court's view, not only was it uncontroverted that the auctioneer announced several times that the sale was subject to approval by the Executive Committee, but the sale brochure had forewarned the Moneys that announcements made the day of sale would supersede any printed material. In addition, the title commitment stated clearly that any sale would be subject to Executive Committee approval.

In order for the Moneys to have prevailed on their claims for specific performance, they would have had to prove that the contracts' terms were complete and effective. *Branstetter v. Cox*, 209 Kan. 332, 336, 496 P.2d 1345 (1972). The district court was correct that Kansas law permits the admission of parol evidence to show that even an unambiguous written agreement was not a complete integration of the parties' deal. See 209 Kan. at 334-36 (discussing numerous cases applying rule). It did not err in considering the

sale brochure, the announcements, and the title commitment to fill in the missing condition.

Kansas has little case law on the subject of auctions. The general rule regarding terms and conditions of sale is that the owner of property sold at auction

"has the right to prescribe, within reasonable limits, the manner, conditions, and terms of sale. Usually the auctioneer, at the time and place appointed for the auction, announces these terms and conditions which, when so announced, are generally deemed to supersede all others and to bind the purchaser even though he or she did not hear or understand the announcement, or was not present at the time of the announcement and such terms were not brought to his or her actual attention." 7 Am. Jur. 2d, Auctions and Auctioneers § 17, p. 372.

See *Johnson v. Haynes*, 532 S.W.2d 561, 565 (Tenn. App. 1975) (where terms announced at auction include owner's right to reject bids, condition binding on all bidders, whether they hear it or not); *Cuba v. Hudson & Marshall*, 213 Ga. App. 639, 640, 445 S.E.2d 386 (1994) (seller has right to establish any terms, conditions for sale; where seller explicitly reserves right to reject or approve any bid, no contract formed until seller actually accepts high bid, despite fall of hammer).

In this case, the sale brochure's note stating announcements made the day of sale would take precedence over any printed material was consistent with the general rule. Announcements at the time of the auction put the Moneys on at least constrictive notice of the condition of Executive Committee approval, and the title commitment confirmed that requirement for a final sale. The Moneys' argument on appeal that the written agreements were unambiguous misses the point, *i.e.*, that the agreements also failed to integrate another unambiguous term. Because the sale was clearly subject to approval, and the approval never came, the Association was entitled to judgment as a matter of law in both cases. See *East v. Brown*, 986 P.2d 523, 525 (Okla. App. 1999), *cert. denied* June 15, 1999 (affirming trial court finding that sale never consummated; seller rejected bid in accordance with announcement that sale subject to seller's approval).

Affirmed.